# Central Railroad & Banking Co. v. Vaughan.

*Action for Damages against Railroad Company, by Administrator of Person Killed.* ·

93　209
94　589

93　209
100　492

93　209
113　650

93　209
119　621

93　209
122　483
122　486

93　209
131　595

1. *Trespassers on railroad track.*—A person who attempts to walk across a railroad trestle, one hundred feet long and fifteen or twenty feet high, is a trespasser, to whom the railroad employés owe no duty beyond the exercise of reasonable care and diligence to avoid injuring him, after he is discovered on the track, or after his peril becomes apparent to them; and being met and killed by an approaching train while on the trestle, his personal representative can not maintain an action for damages, unless the defense of contributory negligence is overcome by proof of such want of reasonable care and diligence as is the legal equivalent of gross negligence.

2. *Same; gross negligence overcoming contributory negligence.*—If the person attempting to cross was midway of the trestle when first seen by the engineer of the approaching train, and the distance was great enough to permit the train to be stopped by a prompt resort to the proper appliances, but the engineer, instead of attempting at once to stop or check the train, acted on the assumption that the person crossing would reach the end of the trestle and step off before the engine reached that point, and did not discover his mistake until the traveller stopped, hesitated, and attempted to retrace his steps, and the train could not then be stopped in time to avert the injury; these facts would justify a verdict for plaintiff, notwithstanding the intestate's contributory negligence as a trespasser.

3. *Same; evidence showing failure to keep proper look-out.*—The engineer of a moving train, approaching a trestle on a curve in a cut four or five feet deep, is under no duty to withdraw his attention from the track in front of him, and look across the country to see whether any one is on the trestle; and the fact that he might have seen a person on the trestle by looking across the intervening land before entering the curve, at a distance of four hundred yards, is not relevant or admissible as evidence on the question of negligence in failing to keep a proper look-out.

4. *Error in admission of irrelevant evidence.*—The admission of evidence which is entirely irrelevant, against objection, is an error which will work a reversal of the judgment, unless the record shows that no injury could have resulted from its admission.

Appeal from the Circuit Court of Barbour.

Tried before the Hon. Jesse M. Carmichael.

This action was brought by Mrs. Sarah A. Vaughan, as administratrix of the estate of her deceased husband, Asa

[Central Railroad & Banking Co. v. Vaughan.]

Vaughan, to recover damages for the alleged negligence of the defendant's servants which caused his death; and was commenced on the 4th March, 1890. The plaintiff's intestate was an old man, 74 years of age, and was killed by one of defendant's trains on the 11th March, 1889, while attempting to walk across a long trestle on the railroad track near Midway. The jury gave the plaintiff a verdict for $750. The errors assigned are, (1) the admission of evidence against the defendant's objection, and (2) the refusal of the general charge as asked by the defendant. The opinion states the material facts.

ROQUEMORE, WHITE & McKENZIE, for appellant.

J. E. LONG, and G. L. COMER, contra.

McCLELLAN, J.—1. Plaintiff's intestate was confessedly guilty of negligence, which contributed proximately to his death, in being at the time of the fatal collision on the trestle supporting defendant's track. He was a trespasser to whom the defendant owed no duty, except the exercise of reasonable care and diligence after he was discovered on the track, or after his peril became apparent to its employes, to avoid injuring him.—*Tanner v. L. & N. R. R. Co.*, 60 Ala. 621; *L. & N. R. R. Co. v. Donovan*, 84 Ala. 141; *M. & C. R. R. Co. v. Womack, Ib.* 149; *Ga. Pac. Railway Co. v. Blanton, Ib.* 154; *Bentley v. Ga. Pac. R. R. Co.*, 85 Ala. 484; *L. & N. R. R. Co. v. Black,* 89 Ala. 313.

To entitle plaintiff to recover notwithstanding her intestate's contributory negligence, it must have been made to appear that defendant's employes, after discovering his peril, failed to exercise due care and diligence to avert the injury. Such failure, with such knowledge of the situation and probable consequences of the omission of preventive effort, when such effort might have been effectual to avoid the accident, is gross negligence, so called, recklessness or wantoness, implying a willingness to inflict the injury, which is the legal equivalent of willfulness or intentional wrong-doing, against the results of which the mere negligence of the person injured is no defense.—Authorities *supra; Carrington v. L. & N. R. R. Co.*, 88 Ala. 472; *Ga. Pac. Railway Co. v. Lee*, at present term, and authorities therein cited.

2. One aspect of the evidence in this record tended to show that the intestate, at the time he was discovered by the engineer, was on and about midway of a trestle, which was one hundred feet long and fifteen or twenty feet high. At this time the train was distant from three hundred and fifty to

six hundred and sixty yards from the trestle, the testimony of the several witnesses varying within these limits. There was evidence going to show that the train, under existing conditions, might have been stopped within four hundred or five hundred yards, or even a less distance than four hundred yards, had all appliances to that end been promptly resorted to by the train-men. The evidence also tended to establish that the engineer did not promptly avail himself of the means at hand to stop the train, short of the point of the accident, after discovering the deceased on the track; but he says he acted for a time upon the assumption that the intestate would reach the end of the trestle, and get off the track, before the train reached that point, and that he did not discover the peril until the party injured stopped, hesitated, and turned and attempted to retrace his steps, and that then, and not until then, he attempted to stop his train. If Vaughan, the intestate, was midway the trestle, and not within "five or six cross-ties of its western end," as the engineer testifies, his peril was manifest and imminent when he was first seen by the latter, since he could not possibly have gotten off in time to have escaped, in view of the speed at which the train was approaching. The jury had a right to find that such was his position, and that it was apparent to the engineer the moment he saw him. So finding, it was further open to them to reach the conclusion, on those tendencies of the evidence most favorable to the plaintiff, that the catastrophe might have been averted, had the engineer at once resorted to all reasonable effort to stop his train. And if this were so, his failure so to do, upon speculations as to the chances of Vaughan reaching the end of the trestle before the train did, was such recklessness as would have justified a verdict for the plaintiff notwithstanding Vaughan's own negligence. The general charge requested for the defendant would have denied the jury's right to find for plaintiff on these considerations; and it was properly refused. *Cook v. G. C. R. R. & B. Co.*, 67 Ala. 533.

3-4. The testimony of the witness Florence, to the effect that "a person on the engine, at a point back of and before entering the curve, a distance of four hundred yards from the trestle, could see a person on the trestle on a straight line from the engine to the trestle," should have been excluded. It is to be noted, that the point here referred to was further from the trestle than that from which the engineer first saw Vaughan according to all the evidence, and there is no evidence whatever that he did in fact see him from this other point back of the curve. It can not be said that it was the engineer's duty to withdraw his look-out from the track in

[Orr v. Blackwell.]

front of his engine, and look across the country to the trestle, or indeed that it was his duty to keep any special out-look for trespassers at all. Hence, there could be no presumption that he did see from this point, from the fact that to have seen was possible. Nor would his failure to look from that point, even had such failure involved an omission of duty (which it would not have done), been more than simple negligence, which could not have availed the plaintiff in this case, such omission not importing either recklessness or wantoness.—*Ga. Pac. Railway Co. v. Lee*, *supra*. This evidence was therefore wholly irrelevant—it could not have shed light upon any issue in the case. Yet we can see that it might well have misled the jury, either to the conclusion that Vaughan was seen from the point in question, and his peril thus brought to the knowledge of the train-men in time for them to have avoided the accident, or that their failure to see Vaughan through this feasible avenue of vision justified them in holding the defendant liable in damages, which they might not otherwise have felt authorized to impose. At least, we can not have that assurance that this evidence did not conduce to the result reached by the jury, which would warrant us in holding its admission to have been error without injury. The court's action in receiving it must, therefore, operate a reversal of the judgment and the remandment of the cause.

Reversed and remanded.