[Birmingham Railway & Electric Co. v. The City Stable Co.]

etc., etc., was admissible under the case of *A. G. S. R. R. Co. v. Linn*, 103 Ala. 134.

Affirmed.

# Birmingham Railway & Electric Co. v. The City Stable Co.

### *Action for Damages for Injury to Property.*

1. *Name of negligent agent need not be averred.*—There is no rule of pleading that requires a complaint in an action against a railroad company to recover damages for injuries to one not an employe, to state the name of the person whose negligence is alleged to have caused the injury.
2. *Animals in custody of person; what rule applies.*—Where a horse is injured on a railroad track while in the custody of a person, the same principle applies with respect to the duty owing by the railroad company, as applies in the case of a human being on the track.
3. *Trespasser; one merely crossing track is not.*—It is not negligence in itself for one to cross over a railroad track wherever he has occasion to do so, whether in the open country or within the limits of a town or village; and one who with due care and caution, goes on the track for the purpose of crossing, is not a trespasser, and the railroad company owes him the duty it owes to one who has the right to be on the track.
4. *Duty to persons crossing.*—If the person driving a horse had a right to drive on the track of a street railway company for the purpose of crossing at the particular place, it became the duty of those in charge of an electric car on the track, not only to keep a lookout to observe him, but also to run the car at such rate of speed on approaching the place, and to retain such control over it, as to be able to bring it to a full stop before striking the horse.
5. *Charge must conform to issue.*—A charge predicating a right to a verdict for defendant, on an alleged act of contributory negligence not covered by the pleas, is properly refused.
6. *Charge, assuming facts to be inferred.*—A charge: "If the jury believe from the evidence that an ordinarily prudent person would not have tried to pull the horse forward, but backward off the track, and they further believe from the evidence that the driver tried to pull the horse forward, then your verdict must be for the defendant," is properly refused, in

[Birmingham Railway & Electric Co. v. The City Stable Co.]

that it assumes that to pull the horse backward would have been successful in averting the injury.

APPEAL from Birmingham City Court.

Tried before Hon. WM. W. WILKERSON.

The case made by the pleadings and proof is sufficiently stated in the opinion. The defendant excepted to the following portions of the court's oral charge: (a.) "The duty of a motorman on an electric car varies to some extent according to the locality in which he is running. He may be permitted to run at one rate of speed in the open country where there are no crossings, that he would not be permitted to run where he would be likely to encounter people and vehicles upon the track." (b.) "It would be proper for him to run the car at one speed in one part of the town and not to run at such rate of speed at another part of the town where it was more densely populated." (c.) "In determining whether he was guilty of negligence in this case, gentlemen of the jury, you will consider the locality where he was running. Whether or not there was danger of his striking a vehicle or person upon the track at any crossing, and how fast he was running; how far his light would enable him to observe dangers in front of him; within what distance he could stop the car; and from all the circumstances which the evidence discloses to you, surrounding this matter, you will determine whether or not he was guilty of negligence in running the car." (d.) "It is the duty of the motorman when he is running where he may come into collision with some person or vehicle at a crossing, at some place where the person or vehicle has a right to be, to keep his car under such control as that he may stop it in time to avoid injury if he had with proper diligence discovered the danger. While he may run with greater or less speed according to the locality in which he is running, it is his duty to at least retain control over his car; and that control must be such that he may, in case he encounters danger and discovers it, by doing those things which will control his car, so regulate his speed that he will come to a full stop before he does the injury to the person or vehicle that may be in front of him; or give that person or vehicle an opportunity to get out of the way. He is not bound to anticipate that anybody will do anything in getting upon the track which they ought not to do, but he is bound to know that other people have

a right upon the track besides himself and in running the trains must so run them that he may discover danger, if he can discover it by the exercise of proper diligence, so as to stop the car and avert the injury which might happen to a person in his way upon the track. If the night is dark and he can not see further ahead than his light, of course it is his duty to take that fact into consideration in determining the speed of his car. If he can not see but a little way ahead, he must run more slowly than if he could see a long way ahead." (e.) "If he fails in any such duty he is guilty of negligence; and if injury results to any person upon the tracks or property, which is where it has a right to be, then the company for whom the motorman is acting is liable for the result." The defendant requested the court to give to the jury the following written charges: The first and second charges were the general affirmative charge. The others were as follows: (3.) "If you believe from the evidence that Pritchard was familiar with the crossing at Avenue F. and 33d street, and that he (Pritchard) knew that there was a place to cross which was safer than the crossing at Avenue F. and 33d street, and that he (Pritchard) failed to make use of such safe and more convenient crossing; then I charge you that Pritchard was guilty of negligence in crossing at Avenue F. and 33d street, and your verdict must be for the defendant, if you further believe that such crossing at Avenue F and 33d street contributed proximately to plaintiff's injury and damages." (4.) "If the jury believe from the evidence that there were two ways by which the driver could have driven across Avenue F. at or near the place where he desired to cross the same, and they further believe from the evidence that one of said ways was a safe way to cross and the other was a dangerous way, and they further believe from the evidence that the driver chose the dangerous way, then their verdict must be for the defendant." (5.) "If the jury believe from the evidence that there were two ways by which the driver could have driven cross Avenue F. at the place where he desired to cross the same, and they further believe from the evidence that one of them was a safer place to cross than the other, and they further believe from the evidence that the driver chose the less safe way of the two and such act on his part contributed proximately to the plaintiff's

damage, then their verdict must be for the defendant."
(6.) "If the jury believe from the evidence that an ordi-
narily prudent person would not have tried to pull the
horse forward but backward off the track, and they fur-
ther believe from the evidence that the driver tried to
pull the horse forward, then your verdict must be for
the defendant." (7.) "I charge you that the defendant
was not guilty of negligence in running its car at the
rate of from 12 to 25 miles an hour if you believe from
the evidence that said car was run at such rate." (8.)
"The defendant requests the court to instruct the jury as
follows: Gentlemen of the jury, I charge you that if you
believe the evidence you must find a verdict for the de-
fendant." (9.) "If the jury believe from the evidence
that the place where the driver attempted to cross the
defendant's track was not a public or private crossing
then their verdict must be for the defendant."

WALKER, PORTER & WALKER, for appellant.—The
name of the negligent agent should have been shown, or
that it was unknown.—*L. & N. R. R. Co. v. Bouldin,* 110
Ala. 185; *So. Ry. Co. v. Cunningham,* 20 So. 639. The
court erred in submitting to the jury whether it was
negligence to run the car at the rate of speed shown by
the evidence under the circumstances. The rule of law
requiring that cars shall be run at night at such rate of
speed that the car can be stopped in the distance an ob-
struction may be seen by the aid of the head-light, ap-
plies to live stock only, and not to persons. As the horse
was in charge of a man, the rule as to persons applies,
and not as to stock. The driver, on the undisputed evi-
dence, was guilty of contributory negligence in selecting
an unsafe in preference to a safe crossing.—*M. & B. R.
Co. v. Halburn,* 84 Ala. 133; *L. & N. R. Co. v. Orr,* 91
Ala. 548; *R. R. Co. v. Wattler,* 91 Ala. 435; *R. R. Co. v.
Graham,* 94 Ala. 545.

CABINESS & WEAKLEY, *contra.*—It was not necessary
to aver the name of the motorman whose negligence
caused the accident.—*Woodard Iron Co. v. Herndon,* 21
So. 430; *McNamara v. Logan,* 100 Ala. 187. By the un-
contradicted evidence the motorman was guilty of negli-
gence in running the car down grade and around a curve
at such a rate of speed as that it was impossible to stop

the car after he could discover the danger of the party
on or near the track.—*Oxford Lake Line v. Stedman*,
101 Ala. 376; *Central R. R. & Bank Co. v. Ingram*, 98
Ala. 395; *L. & N. R. R. Co. v. Webb*, 97 Ala. 308. There
was no error in the oral instructions excepted to.—16
Am. & Eng. Encyc. of Law, pp. 398 to 401; *L. & N. R. R.
Co. v. Webb*, 97 Ala. 308 and authorities cited.

BRICKELL, C. J.—Appellee sued to recover damages
for injuries to a horse and buggy owned by it, caused by
their being struck by an electric car operated by appel-
lant while they were in the care of one Pritchard who
had hired them. The demurrer to the complaint on the
ground that it failed to aver the name of the motorman
in charge of the car was properly overruled. There is
no rule of pleading that requires a complaint in an ac-
tion against a railroad company to recover damages for
injuries to one not an employe, to state the name of the
person whose negligence is alleged to have caused the in-
jury. It has been held that a complaint by an employe
under section 1749, subdiv. 2, Code 1896, counting on
the negligence of any person in the service of the em-
ployer who has any superintendence intrusted to him, or
under subdiv. 5 of the same section, counting on the
negligence of any person in the service of the employer
in charge or control of any signal, point, locomotive,
etc., must allege the name of such person, or that his
name is unknown to plaintiff.—*Southern Ry. Co. v. Cun-
ningham*, 112 Ala. 496; *L. & N. R. R. Co. v. Bouldin*, 110
Ala. 185. But in *McNamara v. Logan*, 100 Ala 187, fol-
lowed by and adhered to in *Woodward Iron Co. v. Hern-
don*, 114 Ala. 215, which overruled a conflicting decision
in *L. & N. R. R. Co. v. Bouldin, supra*, it was held that
the above rule did not apply to a complaint under sub-
division 1 of this section, counting on a defect in the
ways, works, machinery, etc., for the reason that the in-
jured employe could not be supposed to know the name
of the person charged with the duty of keeping the ways,
works and machinery in proper condition. For a like
reason the rule is inapplicable when the injury is sus-
tained by one who is not an employe of the defendant.

The accident occurred at the intersection of Thirty-
third street and Avenue F., along which avenue the elec-
tric railway runs from Birmingham to Avondale.

Thirty-third street is one block beyond and east of the corporate limits of Birmingham, and Avenue F. is a continuation of Avenue F. in Birmingham. Defendant had a station at this point, and there were seven or eight houses on the east side of Thirty-third street south of the railroad, and five or six on the south side of Avenue F., in the immediate vicinity of the place where the accident occurred, but there were no houses on the north side of the avenue, except a store about half a block from the place. On the north side of the track there had been a wash-out which left a hole extending from the track to the north side of the avenue from three to four feet in depth, sloping gradually from the track, but leaving on the north side a perpendicular embankment three or four feet in height over which it was impracticable to drive a horse. It was practicable, however, to drive across the track into the wash-out, and to emerge therefrom by driving along the avenue parallel with the track a short distance. Pritchard was driving at night north along Thirty-third street, and attempted to cross the track at this place. While on the track the horse stopped and refused to cross over. Pritchard alighted and attempted for two or three minutes before the car appeared to pull the horse across the track but failed, and the car approaching from Birmingham struck the horse and knocked it from the track. The testimony showed without conflict that when the car reached Twenty-seventh street going east, the motorman turned on the full current and let the car run down grade at full speed, variously estimated by the witnesses at from 12 to 25 miles an hour. Just before reaching Thirty-third street the track makes a short curve, and when the car turned the curve it was running at so great a speed that it was impossible for the motorman to stop it within the distance at which the horse could be seen, about seventy feet, or within the distance its head-light illuminated the track.

The horse being in the custody of Pritchard, the same principles must apply with respect to the duty owing by defendant, as applies in the case of a human being on a railroad track. If his act in driving on the track was that of a trespasser, those in charge of the car owed him no duty except to exercise due care to avoid the injury after the presence of the horse on the track

became known to them. But if he had a right to drive on the track for the purpose of crossing it at this particular place, then it became their duty not only to keep a lookout to observe him, but also to run the car at such a rate of speed on approaching the place, and to retain such control over it, as to be able to bring it to a full stop before striking the horse.—*Glass v. M. & C. R. Co.,* 94 Ala. 581; *Nave v. A. G. S. R. Co.,* 96 Ala. 264; *Central R. Co. v. Vaughn,* 93 Ala. 209. As was stated in *Glass v. M. & C. R. Co., supra,* it is not negligence in itself for one to cross over a railroad track wherever he may have occasion to do so, whether in the open country or within the limits of a town or village, and one who, for the purpose of crossing the track, goes upon it with care and caution and with all the assurance his senses properly exercised can give him, that it is safe to do so, may recover if he is injured from some cause against which he could not guard. He is not, under such circumstances, a trespasser, and the railroad company owes to him, while in the act of crossing, the same duty it owes to one who has a right to be on the track. This is particularly true under the facts of this case. Avenue F. at the place of the accident, being one block from the city limits and having houses built on each side thereof, was undoubtedly a public thoroughfare. The public had the right to use both sides of the street and to cross the track at any suitable point for the purpose of getting from one side to the other, and it was the duty of those in charge of the cars of defendant to retain such control over the cars on approaching this place as to be able to bring them to a full stop before striking one in the act of crossing the track. This duty was not suspended by the mere fact that a wash-out had occurred on the north side of the track. It does not appear how long the wash-out had existed. It may have been of recent origin, in which case the defendant was certainly not relieved from the duty of exercising the same care to avoid injuring persons driving along Thirty-third street and crossing the track that it owed before the wash-out occurred. We are of the opinion the uncontradicted evidence shows that defendant was guilty of negligence in running the car at so great a rate of speed as to be unable to avoid injury to one in the act of crossing the track at this point.

Whether Pritchard was guilty of negligence, in the particulars alleged in the special pleas, which contributed proximately to the injury, was properly submitted to the jury. The only particulars in which he is charged with such contributory negligence are, first, in driving upon the track immediately in front of the car; second, in allowing the horse and buggy to remain on the track on a curve; third, in allowing the horse and buggy to stand on the track at a point where they could not be seen by the motorman until it was too late to avoid the injury. The evidence does not sustain the plea in the first particular, since it shows that Pritchard was on the track trying to pull the horse across two or three minutes before the car came within sight. Assuming that his failing to attempt to back the horse off the track was equivalent to permitting it to remain on the track, as charged in the plea, it was for the jury to determine, under all the circumstances, whether this failure contributed to the injury. In view of these averments of the plea of contributory negligence, charges 3, 4 and 5, requested by appellant, were properly refused because, besides assuming that Pritchard had knowledge of a safer crossing, they predicate defendant's right to a verdict upon his negligence in selecting the more dangerous of two crossing places, which act of contributory negligence is not charged in the pleas. Charge 6 was erroneous and properly refused because it assumes that an effort to back the horse off the track would have been successful, and that the failure to make such effort contributed to the injury. The other charges requested by appellant were properly refused for reasons already stated. We discover no error prejudicial to appellant in those parts of the court's oral charge to which exceptions were reserved. The judgment of the court below is affirmed.