# Southern Railway Co. *v.* Stewart.

*Action for Damages for Death of Person on Track.*

(Decided Nov. 28, 1907.  45 So. Rep. 510.)

1. *Railroads; Injury to Person on Track; Negligence After Discovery of Peril; Complaint.*—A complaint alleging that at a certain time defendant was operating its trains at or near a certain crossing on its railroad; that plaintiff's intestate, then in life, was lying on the track of the railroad near the crossing and the train was approaching him under the management and control of defendant's servants or agents; that intestate was put in peril and defendant's servants saw the peril and saw that the intestate would not likely make any effort to avoid being injured; that after the discovery of interstate's peril defendant's servants in charge and control of the train so negligently and carelessly conducted themselves in the management thereof that the engine was caused to run upon him and kill him, is good against demurrer that it appeared from the complaint that he was a trespasser and does not appear therefrom that defendant, or its employes, wantonly or willfully killed him; that it did not show that defendant's servants saw the peril in time to prevent injuring him, and that it showed that the defendant was guilty of contributory negligence which contributed proximately to his injury in failing to extricate hmself before the train reached him; in such cases, after stating facts showing a duty, very general averments of negligence are sufficient.

2. *Same; Burden of Proof; Defendant's Failure to Examine Witness.*—The burden is on the plaintiff to make out a prima facie case under his complaint and no duty rests on defendant to offer evidence until this is done, and the failure of defendant to call its servants as witnesses in its behalf or to offer any evidence cannot be considered by the jury for the purpose of making out a prima facie case against defendant.

3. *Same; Duty as to Trespassers.*—In the operations of its trains the law imposes no duty on a railriad company to keep a lookout for trespassers on the track and there can be no recovery for injury to a trespasser except in cases of wanton or wilful misconduct, or negligence after discovery of peril.

4. *Same; Question for Jury; Engineer's Knowledge of Trespassers.*—In the absence of evidence as to the speed of the train, of the position of the engineer, that the train could have been stopped quicker, or that the engineer was looking forward at a place where deceased could have been discovered in time to have avoided the accident, the showing that the track at the plaec of the injury was straight for a mile and a half on either side and that it was a bright and clear morning, is not sufficient to raise the inference reasonably that the engineer in fact discovered the decedent in time to avoid the injury nor to warrant a submission of that issue to the jury.

5. *Negligence; Contributory Negligence as Defense to an Action for Negligence After Discovery of Peril.*—As a defense to an action for negligence after discovery of peril contributory negligence must be the negligent act or omission of the injured person with a knowledge of the then present and impending peril.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Adelaide E. Stewart, administratrix, against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The second count is as follows: "Plaintiff, as said administratrix, claims of the defendant, the Southern Railway Company, a corporation, the sum of $1,999, as damages, for this: The defendant, on or about the 30th day of April, 1905, was engaged in operating a railroad in this county and running trains thereon for the transportation of passengers and freight; that on said date one of defendant's trains, consisting of an engine and cars thereto attached, was being run on the said railroad by its servants and agents in this county at a road crossing near Flackler. And plaintiff avers that her intestate, then in life, was lying on the track of said railroad at or near said crossing that while lying there said engine and cars were approaching said intestate under the management and control of defendant's agents and servants; that plaintiff's intestate was put in peril of his life or of great bodily harm by said approaching train; that the agents and servants of the defendant in charge of said engine and cars saw said peril of plaintiff's intestate, and saw that plaintiff's intestate would not likely make any effort to avoid being injured; that after the discovery of intestate's peril the agents and servants of defendant in charge of said engine and cars so negligently and carelessly conducted themselves in and about the management of said engine and train that said engine was caused, by reason of such negligence, to run upon intestate and kill him." The following grounds of demurrers were interposed to this count: "(1) It is not shown thereby that defendant's servants or employes saw the peril of intestate in time to have prevented in-

[Southern Railway Co. v. Stewart.]

juring him, or in time to have stopped said train before reaching him. (2) It appears therefrom that plaintiff's intestate was a trespasser on said track. (3) It does not appear therefrom that defendant or its employes wantonly or willfully killed plaintiff's intestate. (4) It appears therefrom that plaintiff's intestate was guilty of contributory negligence proximately contributing to his own death in failing to extricate himself from his perilous position before said train reached him."

Briefly stated, the case made by the plaintiff's evidence is as follows: Deceased was drunk, and down on the track between the rails; his head resting on one of the rails, and his body extending across the track to the other rail. The roadbed was filled up to surface of the cross-ties. The rails were five or six inches high, and their surface bright from wear. The track was perfectly straight in the direction from which the train came to the point where deceased was killed, a distance of 1½ or 2 miles, and also perfectly straight from that point towards Flackler, a distance of 1½ miles. There were no weeds on the track. There was a crossing between the place where deceased was killed and the approaching train, for which the engineer blew the signal. It was several hundred yards from this crossing to the place of the killing. There was another crossing not far from and beyond the point at which deceased was killed. The train ran several hundred yards beyond the point where deceased was struck before being stopped. The day was bright and clear, and the time of the killing about 10 o'clock in the morning.

Humes & Speake, for appellant. The court should have directed a verdict for defendant.—*Southern Ry. Co. v. Gullat,* 150 Ala. 318; *Bush's Case,* 122 Ala. 470; *Nave's Case,* 96 Ala. 264; *Black's Case,* 89 Ala. 213; *Mo-*

*rer's Case,* 116 Ala. 642; *Nash's Case,* 136 Ala. 177; *Mizell's Case,* 132 Ala. 261; *Harris' Case,* 142 Ala. 249; *Ross' Case,* 100 Ala. 368. The 2d count of the complaint was subject to the demurrers interposed.—*Meadow's Case,* 95 Ala. 137; *Montgomery's Case,* 97 Ala. 305 and authorities supra. The court improperly sustained demurrers to defendant's pleas.—*L. & N. R. R. Co. v. Crawford,* 89 Ala. 240; *L. & N. R. R. Co. v. Brown,* 121 Ala. 221.

BILBRO & MOODY, for appellee. The 2nd count is sufficient.—*C. of Ga. Ry. Co. v. Foshee,* 125 Ala. 199. The demurrers to the pleas were properly sustained.—*Guest v. A. G. S. R. R. Co.,* 136 Ala. 348. The deceased was an obstruction on the track.—*E. T. V. & G. R. R. Co. v. Baylis,* 77 Ala. 434; *K. C. M. & B. Ry. Co. v. Watson,* 91 Ala. 483. This being true the law has prescribed certain duties for the engineer.—Sections 3440-3443 and 5369, Code 1896; *L. & N. R. R. Co. v. Thornton,* 117 Ala. 281. It is presumed that a party knew what he had the opportunity of knowing and should know.—16 Cyc. 1072. Having seen the crossing and blown for it, the presumption is irresistible that the engineer saw the deceased.—*Peters v. Southern Ry. Co.,* 135 Ala. 533; *Highland Ave. & B. R. R. Co. v. Fennell,* 111 Ala. 356; *Benedict v. Potts,* 41 L. R. A. 478. The failure to use the witnesses in their employ, and who were present on the trial fortifies the presumption of wrong and places the verdict of the jury beyond question.—*Brock v. The State,* 123 Ala. 124; 16 Cyc. 1063-4.

DOWDELL, J.—The second count of the complaint was not subject to the demurrer interposed by the defendant. In cases of this character it has been frequently decided by this court that, after stating facts show-

ing a duty, very general averments of negligence are held sufficient on demurrer to the complaint.—*L. & N. R. R. Co. v. Marbury Lumber Co.,* 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; *Central of Ga. Ry. Co. v. Foshee,* 125 Ala. 199, 27 South. 1006. The negligence relied on in the second and third counts of the complaint was negligence of the defendant's servant or servants after discovery of the peril of the plaintiff's intestate. While contributory negligence on the part of the person injured is pleadable as a defense to such complaint, yet, in order to make a good plea, it must be shown that the contributory negligence relied on was the negligent act or omission of the injured party with a knowledge of the then present and impending peril.— *Johnson v. Birmingham R., L. & P. Co.,* 149 Ala. 529, 43 South. 33; *Duncan v. St. L., etc., Ry. Co.,* 152 Ala. 118, 44 South. 418; *L. & N. R. R. Co. v. Brown,* 121 Ala. 221, 25 South. 609. In this respect neither of the pleas to the second and third counts of the complaint was sufficient. These pleas did nothing more than to set up a condition that existed prior to the discovery by defendant's servants of the deceased peril. The fact that the deceased was a trespasser and remained on the track until he was run over and killed, without more, is no answer to a charge of negligence on the part of the defendant after discovery of the peril of the deceased.

The case was tried alone on the testimony of plaintiff's witnesses. The defendant introduced no evidence. The burden was upon the plaintiff to make out her case, and until she made a prima facie case no duty to offer evidence rested on the defendant. The failure or refusal of the defendant to put its engineer or conductor on the stand as a witness in its behalf could not be considered by the jury for the purpose of making out a prima facie case against the defendant. It is conceded that

the deceased was a trespasser. It is well settled in this state that the law imposes no duty upon railroad companies in the operation of their trains to keep a lookout for trespassers; and hence for an injury to such trespassers no recovery could be had for anything less than willful or wanton misconduct, unless it be for negligence after discovery of peril.

There was no evidence of the speed of the train, none as to the position of the engineer on the train, none that the train could have been stopped any quicker than it was stopped, and none that the deceased could have been seen by the engineer in time to have stopped. The facts that the track at the place of the injury was straight for a mile and a half and that the day was bright and clear alone are not sufficient to authorize a reasonable inference that the engineer in fact discovered the deceased in time to have avoided the injury. The evidence shows that the deceased was lying down on the track between the rails, and there is no evidence that the engineer was looking forward at a time and place when the deceased could have been discovered in time to have stopped the train and avoided the accident, and it is a matter of common knowledge that engineers, in the operation of engines, have other duties to perform besides that of looking out, and, for aught that can be said, the engineer was at the time engaged in performance of some other of such duties. It would be an unwarranted speculation to leave it to the jury to say whether or not the engineer was at the time looking forward and did discover, or could have discovered, the deceased on the track in time to have avoided the injury by the exercise of due care.

On the plaintiff's evidence, this being all that was introduced in the case, and in our judgment insufficient to make a prima facie case, the court should have given

[Harris v. Nashville C. & St. Louis R. R.]

the general affirmative charge requested by the defendant.—See *Sou. Ry. Co. v. Samuel Gullatt*, 150 Ala. 318, 43 South. 577, and other cases cited in brief of appellant's counsel.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.