# Southern Railway Co. *v.* Stewart.

## *Injury to Persons on Track.*

(Decided Jan. 13, 1910.   51 South. 324.)

1. *Railroads; Crossing Accident; Duty.*—Employes operating trains are under no duty to keep a lookout for persons on the track when approaching a road crossing that has been abandoned.

2. *Same.*—Standing alone, the mere fact that a railroad track is frequently used by pedestrians does not show that the railroad company is informed of such use.

3. *Same; Duty to Trespasser.*— A railroad owes no duty to a trespasser except not to injure him after discovering his peril.

4. *Same.*—The fact that when the train was two and a half miles from where deceased was struck, the engineer was in his place looking forward, was too remote to warrant the conclusion that the engineer saw deceased in time to avoid the injury.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Adelaide E. Stewart, administratrix, against the Southern Railway Company, for the death of her intestate while on the track. Judgment for plaintiff and defendant appeals. Reversed and remanded. For the facts and pleadings in this case on former appeal, see 153 Ala. 133; 45 South. 51.

PAUL SPEAKE, for appellant. The 1st count of the complaint was defective.—*Goodloe v. M. & G.*, 107 Ala. 233; *A. G. S. v. Sanders*, 145 Ala. 548; *Case v. Hulsebush*, 122 Ala. Ala. 212. The 4th count was defective. —*Southern Ry. v. Gullatt*, 150 Ala. 318; *Southern Ry. v. Stewart*, 153 Ala. 133; *A. G. S. V. Lynn*, 103 Ala. 139; *A. G. S. v. Fulton*, 144 Ala. 332; *G. P. Ry. Co. v. Lee*, 92 Ala. 262. The pleas of contributory negligence were good as against the 4th count because it fails to allege negligence after discovery of peril and did not

so warn him.—*Ensly Ry. v. Chewning*, 93 Ala. 24; *Bir. R. L. & P. Co. v. Jaffee*, 45 South 469; *Hobdy v. Maintee M. Co.*, 47 South. 69; *Bir. R. L. & P. Co. v. Jones*, 45 South. 177. The age of the deceased was entirely immaterial.—*Smith v. Bir. R. L. & P. Co.*, 41 South. 301. The general affirmative charge upon the whole case should have been given.—*Southern Ry. v. Stewart, supra;* 131 Ala. 531; 124 Ala. 172. Because the engineer was looking forward within two miles and a half of the injury was not sufficient to authorize the inference that he saw the deceased in time to avoid injuring him.—*Southern Ry. v. Gullatt, supra; Stewart's case, supra.* It is plain that Stewart was a trespasser, and there was no evidence that the engineer had any knowledge of the use of the track by people walking along or across it.—*Harris's Case*, 142 Ala. 249; *Nash's case*, 136 Ala. 177; *Mitchell's case*, 134 Ala. 261; *Bush's case*, 122 Ala. 470; *Nave's case*, 96 Ala. 264.

BILBRO & MOODY, for appellee. Count 1 was sufficient.—*A. G. S. v. Burgess*, 114 Ala. Count 4 was a good count in wanton negligence.—*A. G. S. v. Burgess, supra; Haley v. K. C. M. & B.*, 133 Ala. 642; *A. G. S. v. Guest*, 144 Ala. 380; *C. of Ga. v. Partridge*, 136 Ala. 596. It follows that the demurrers to pleas of contributory negligence are properly sustained. The evidence was sufficient to raise the presumption or inference that the engineer saw the deceased on the track.—Authorities supra; *L. & N. Thornton*, 117 Ala. 280.

SAYRE, J.—Plaintiff's intestate, much intoxicated, after staggering along the defendant's track for some distance, laid down across the track, where a few minutes later a train ran over him, causing instant death. The point at which he had lain down was about 60

feet from a road crossing. The road had in times past been maintained by the county, but had been abandoned many years before, and was not a public road. Defendant's trainmen were, therefore, under no duty, arising out of the road, to keep a lookout for him.—*A. G. S. R. R. Co. v. Fulton*, 144 Ala. 332, 39 South. 282; *Bentley v. Ga. Pac. Rwy. Co.*, 86 Ala. 484, 6 South. 37.

After the return of this cause to the trial court on a former appeal (153 Ala. 133, 45 South. 51), evidently with the purpose of mending this phase of the case, count 4 was added, which charges "that the place where plaintiff's intestate was killed was constantly used by the public in traveling along said railroad and crossing the same at said public road crossing; that this travel was so frequent and in such numbers of people that the agents and servants of said train knew that at said place, and at the time said train was run at said place, persons were likely to be on said track." On the second trial there was evidence, it may be added, of a somewhat frequent use by the people of the neighborhood of both the railroad track by walking along it and of the road which crossed it by people passing along the latter, but none other to support the allegation that the road across the track was a public road. We may assume that it was competent for the jury, from such frequency of the use of the track as was shown, if known to the engineer in charge of the train, to infer that the engineer ought to have known of the presence of plaintiff's intestate upon the track— to find, in other words, a state of case which raised a duty on the part of the engineer to know his presence, the inadvertent neglect of which, and of the precautions indicated by ordinary care and prudence under such circumstances, not considering here negligence subsequent to the discovery of plaintiff's intestate on

the track, would constitute simple negligence. To a charge of negligence, such as is here indicated, the undisputed gross negligence of the plaintiff's intestate would have been a complete answer, and for this reason, doubtless, no effort is made to charge it in the complaint.

In order to maintain the charge of wanton, willful, or intentional wrong brought against the defendant— leaving out of view just here any basis for such charge predicable of the engineer's conduct after actual discovery of the peril of the plaintiff's intestate—it was incumbent upon the plaintiff to prove that the engineer who was operating the defendant's train was at the time in fact acquainted with the conditions out of which the duty arose to know intestate's peril. No mere evidential presumptions can equal in this respect that conscious knowledge which is an essential element of wanton or intentional wrong. The cases holding the doctrine that wantonness may be inferred from the negligent operation of trains at places where the public are wont to pass frequently rest upon the assumption that such conditions may be the equivalent of actual knowledge of the presence and peril of the person injured. They therefore state as a necessary condition of the application of that doctrine that the fact of such frequent passing must be known to those in charge of the train. —*Duncan v. St. L. & San F. R. R. Co.*, 152 Ala. 118, 44 South. 418 and cases there cited. There are others to the same effect. Knowledge of the frequent use of a railroad track by pedestrians may, of course, be proved by circumstances; but knowledge of a fact is not to be inferred from the fact alone. In the case of *Central of Ga. Rwy. Co. v. Partridge,* 136 Ala. 587, 34 South. 927, answering a charge of wanton or intentional wrong, the defendant insisted that it had not been

shown that its engineer had known of the conditions at the crossing, and, therefore, that its conduct could not have been wanton or intentional with reference to them. The court responded to the argument by saying: "A railroad company would be grossly negligent to place an engineer in charge of a train who was not familiar with the run, and it will not be inferred or presumed it did so. This inference or presumption, as bearing on the question whether the engineer knew of the conditions at the crossing, is evidently matter proper for the consideration of the jury. 'It is presumed the master or person placed in charge of a hazardous business or department thereof is familiar with the dangers, latent or patent, ordinarily accompanying the business he had in charge.' The master should inform the servant of the particular perils and dangers of the same"—citing Bailey, Mast. Liab. 109; Wood, Mast. & Serv., §§ 335, 354; *Robinson Min. Co. v. Tolbert,* 132 Ala. 462, 31 South. 519. The text-books and the case cited to the court's statement were dealing with the duty which a master owes to his servant. They had not under consideration any duty owed by railroad companies to trespassers on their track and were inapt to the case. However, under the facts of that case it is not doubted that the inference of knowledge on the part of the engineer was properly indulged as an evidential circumstance, for the injury complained of was inflicted at a much-frequented public street crossing in a populous town, and hence occurred at a place where it was made the statutory duty of the defendant to observe conditions. Previously in that case *(Partridge's Case)* the court had quoted from *Southern Rwy. Co. v. Bush,* 122 Ala. 487, 26 South. 173, the following language: "While wantonness on the part of the engineer cannot be predicated on the mere fact that he ought to have

seen deceased on the trestle, or on anything short of actual knowledge, yet this actual knowledge need not be positively or directly shown, but, like any other fact, may be proved by showing circumstances from which the fact of actual knowledge is a legitimate inference." And in the conclusion of the opinion, the court, as if apprehensive of too broad an interpretion of the language just theretofore used, said: "What we say is to be taken in connection with what has been said above as to the necessity of the jury's finding that the engineer was in fact acquainted with the conditions under which he was operating the train."

The case in hand is to be considered in the light of its own facts. Plaintiff's intestate was unquestionably a trespasser, and the only fact offered to show wantonness in his injury was the fact that people with some degree of frequency used the track at the place where he was killed, which was a place where neither the defendant nor its agents were under duty to keep a lookout for him. There was no evidential presumption that they knew of the use of the track. The fact that the track of a railroad is frequently used by pedestrians —implying, as we suppose, the lapse of some considerable time during which it is so used—is doubtless a fact tending to show that the railroad company is informed of that use; and that fact, in connection with others, may show that an engineer is acquainted with the fact itself, but, standing alone, it is totally inadequate to that end. To hold otherwise would abrogate the rule, repeatedly announced, that a railroad company owes nothing to a trespasser but to avoid injuring him after his discovery upon the track. It follows that there was no evidence of wantonness prior to the actual discovery of the presence of the plaintiff's intestate on the track. The trial court, in accordance

with the view of the case already taken, instructed the jury at the defendant's request that the plaintiff's intestate was a trespasser upon the defendant's track and that the defendant was under no duty to keep a lookout for him.

On the undisputed facts, as we have already noted, plaintiff's intestate was guilty of the grossest negligence, if not deliberate suicide, which would preclude a recovery as for simple negligence in failing to discover his dangerous place on the track. This was recognized by the plaintiff, for those counts of the complaint which seek to recover as for simple negligence proceed distinctly upon the theory that the engineer was guilty of negligence in operation of his engine after the actual discovery of the position of plaintiff's intestate upon the track. To maintain that aspect of the case, which imputed either negligence or wantonness to the engineer subsequent to the discovery of deceased upon the track, it was indispensable that actual discovery should be shown. Here the case does not, in our opinion, differ materially from the case presented on the former appeal. There was testimony which would tend to show negligence subsequent to discovery, if it be assumed that discovery was made so far in advance of the moment of the death of plaintiff's intestate as to have made it possible thereafter to have avoided the injury. There was shown but one fact which can be said to make for the acceptance of appellee's theory that the engineer saw the position of deceased in time to have prevented the catastrophe, and that was that, while the train was yet 2 1-2 miles from the place where it occurred, the engineer was in his place looking forward. No witness saw him afterwards. That fact, standing alone, as it does, was too remote and inconsequential to have legitimately induced the conclusion reached by

the jury. Now, as then, we feel constrained to say that it would be an unwarranted speculation to leave it to the jury to say whether or not the engineer was at the time looking forward, and did discover the deceased lying down on the track between the rails, in time to have avoided the injury by the exercise of due care.

On the plaintiff's evidence, that being all the evidence introduced, and in our judgment insufficient to make a prima facie case, the court should have given the general affirmative charge requested by the defendant. For the error pointed out, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.

