(107 So. 451)

### SNYDER v. MOBILE LIGHT & RY. CO.
#### (1 Div. 365.)

(Supreme Court of Alabama. Dec. 17, 1925. Rehearing Granted Jan. 28, 1926. Rehearing Denied March 25, 1926.)

1. **Street railroads** ☞113(2)—Ordinance, authorizing street car tracks on parkway, held admissible in evidence.

City ordinance, authorizing parkway for street car tracks, *held* properly admitted in evidence, in action for damages in collision occurring on tracks on such parkway.

2. **Street railroads** ☞83 — Person driving on street car tracks on parkway is trespasser, to whom company owes no duty, except exercise of due care on discovering peril.

Person driving on street car tracks constructed on parkway in accordance with city ordinance is a trespasser, to whom street car company owes no duty, except exercise of due care on discovering his peril.

3. **Street railroads** ☞112(1).

Motorman being under no duty to keep lookout for trespasser, no presumption can arise that he was looking ahead.

4. **Street railroads** ☞104—Recovery by trespasser for subsequent negligence or wantonness must rest on motorman's actual knowledge of peril.

Recovery for damages in collision by trespasser on street car tracks because of subsequent negligence or wantonness must rest on actual knowledge of motorman that plaintiff was

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

on tracks under circumstances reasonably indicating peril.

**5. Street railroads ⬾112(1) — Motorman's knowledge of danger to trespasser may be inferred from proof motorman was looking ahead.**

Actual knowledge of motorman of street car of danger to trespasser on tracks may be inferred from proof that at time of, or immediately before, injury, motorman was looking ahead down the track.

**6. Street railroads ⬾117(36) — Affirmative charge proper, where trespasser failed to show motorman saw peril.**

Where trespasser on street car tracks failed to make out prima facie case by showing that motorman saw him in position of peril on track, affirmative charge for defendant was properly given.

**7. Street railroads ⬾110(2) — Plea plaintiff was trespasser on street car tracks held sufficient answer to counts for simple negligence.**

Plea by street car company that plaintiff was trespasser on defendant's tracks was sufficient answer to counts seeking recovery on simple negligence, thereby placing burden of further averments as to subsequent negligence on plaintiff.

**8. Pleading ⬾204(2).**

Demurrer to plea interposed to negligence counts was properly overruled, where plea was sufficient as to any of counts.

**9. Street railroads ⬾83—Condition of roadway on each side of parkway for street car tracks held no excuse for driving on tracks; nor was former use relevant, in absence of showing motorman's knowledge.**

In action against street car company for injuries in collision occurring on parkway authorized by city ordinance, fact that roadway on each side of parkway was torn up for paving was not legal excuse for use of tracks by plaintiff; nor was fact that he had previously used parkway relevant, in absence of showing that motorman had knowledge of such use.

**10. Street railroads ⬾113(1)—Objection to question as to use by automobiles of parkway for street car tracks held properly sustained as not showing motorman's knowledge thereof.**

In action against street car company for injuries in collision occurring on parkway authorized by city ordinance, objection to question asked plaintiff as to whether he knew whether parkway had been regularly used by automobiles for two weeks was properly sustained as not sufficing to show knowledge of such conditions by motorman.

Appeal from Circuit Court, Mobile County; J. W. Goldsby, Judge.

Action by Alfred W. Snyder against the Mobile Light & Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Thornton & Frazer and McMillan & Grove, all of Mobile, for appellant.

Appellant should have been permitted to show the condition of the roadways on the sides of the parkway, how long he had been driving on the parkway, and whether or not the parkway had been regularly used by automobiles. Birmingham Sou. R. Co. v. Fox, 52 So. 889, 167 Ala. 281; Sou. Ry. v. Smith, 55 So. 913, 173 Ala. 697; Blackmon v. C. of Ga., 64 So. 592, 185 Ala. 635; A. G. S. v. Snodgrass, 79 So. 125, 201 Ala. 653; A. G. S. v. Grauer, 102 So. 125, 212 Ala. 197; St. L. & S. F. v. Dennis, 103 So. 897, 212 Ala. 590. It was error to give the affirmative charge at defendant's request. B. R., L. & P. Co. v. Williams, 48 So. 93, 158 Ala. 381; Mobile L. & R. Co. v. Fuller, 92 So. 89, 18 Ala. App. 301; Montgomery S. R. Co. v. Rice, 38 So. 857, 144 Ala. 610; White Swan Laundry v. Wehrhan, 79 So. 479, 202 Ala. 87; Sou. Ry. v. Bush, 26 So. 168, 122 Ala. 487. Counsel discuss other errors assigned, but without citing additional authorities.

Harry T. Smith & Caffey, of Mobile, for appellee.

The mere fact that the track was straight was not sufficient to justify the submission of the case to the jury, upon the theory that the jury might presume that the motorman was looking down the track as the automobile approached and therefore saw the plaintiff; such a presumption cannot prevail in the case of a trespasser. Sou. Ry. v. Stewart, 51 So. 324, 164 Ala. 171; Carlisle v. A. G. S., 52 So. 341, 166 Ala. 591; Sou. Ry. v. Stewart, 45 So. 51, 153 Ala. 133; Anniston E. & G. Co. v. Rosen, 48 So. 798, 159 Ala. 195, 133 Am. St. Rep. 32. When a motorman sees an automobile approaching upon the car track, he has the right to assume the driver will turn off in time to avoid a collision, and is under no duty to stop or slow up until it becomes apparent the driver will not do so. Cook v. C. R. & B. Co., 67 Ala. 533; B. R., L. & P. Co. v. Saxon, 59 So. 584, 179 Ala. 136; B. R., L. & P. Co. v. Simpson, 59 So. 213, 177 Ala. 475; Bason v. A. G. S., 60 So. 922, 179 Ala. 299. There must be evidence that the motorman could have stopped the car after realizing the danger. Garth v. Ala. Tr. Co., 42 So. 627, 148 Ala. 97; Johnson v. B. R., L. & P. Co., 43 So. 33, 149 Ala. 538; Sou. Ry. v Gullatt, 43 So. 577, 150 Ala. 320; Mobile L. & R. Co. v. Baker, 48 So. 119, 158 Ala. 494. Plaintiff was a trespasser, to whom defendant owed no duty. Montgomery v. A. G. S., 12 So. 170, 97 Ala. 305; L. & N. v. Hairston, 12 So. 299, 97 Ala. 351; Glass v. M. & C., 10 So. 215, 94 Ala. 581; B. R., L. & P. v. Jones, 45 So. 177, 153 Ala. 157. In order to charge the motorman with the duty to look out for trespassers at the time and place of the collision, he must be shown to have known the frequency of the use of the place at the time in question. Sou. Ry. v. Stewart, 51 So. 324, 164 Ala. 175.

PER CURIAM. In counts declaring on simple negligence, subsequent negligence, and wantonness, appellant sought to recover damages of appellee for injuries to himself and his automobile, resulting from a collision with appellee's street car being operated in the city of Mobile. At the conclusion of the evidence, the court gave for the defendant the affirmative charge at its request, and from the judgment following, plaintiff has prosecuted this appeal.

[1] The collision occurred about 7 o'clock in the evening in October of 1923. It had been raining intermittently for about five days, and on this night there was a "misty rain." Defendant's street car was running west on Spring Hill avenue, and the collision occurred on that portion of defendant's track embraced in what is termed a parkway, authorized by ordinance of the city. The ordinance of April 13, 1916, authorized defendant to park that portion of Spring Hill avenue lying between Ann and Catherine streets by placing along the side of the rails a concrete curb on each side with suitable crossings. The parkway was built by building a curb from 4 to 6 inches high on each side of the tracks and filling in this space about level with the rails. Ample space appears to have been left on each side of this parkway for passage of vehicles on said avenue, and we are cited to no authority challenging the invalidity of such ordinance. For the purposes here in hand, its validity is assumed, and there was no error in admitting this ordinance in evidence.

[2] There were two tracks of defendant, spoken of as north track and south track. Plaintiff entered with his car on this parkway and on defendant's north track as he drove out of the east entrance of Providence Infirmary and headed his car east towards the city. Upon the evidence admitted, plaintiff was a trespasser, and defendant company owed him no duty, except the exercise of due care upon discovering his peril. B. R. L. & P. Co. v. Jones, 45 So. 177, 153 Ala. 157; South. Ry. Co. v. Stewart, 60 So. 927, 179 Ala. 304. Plaintiff continued on the track endeavoring (he states) to get his car off, but, on account of the mud and high rails, was unable to do so. In his effort he would "swing his wheel" to one side and then the other. He stopped about 40 yards west of Julia street, where there was a crossing. The track had been straight several hundred feet and lights on his car and those of the street car were burning, and nothing to obstruct the view. A passenger testified he saw plaintiff's car about a block away, and saw the lights of his car playing across the track. The collision occurred at the point where he had stopped.

[3] No one testified as to the motorman, that he saw or was looking ahead, and defendant insisted as there was no duty of lookout owing to plaintiff there was no presumption that he was looking ahead and that, therefore, the evidence was insufficient from which the jury could infer that the motorman, in fact, saw plaintiff on the track, citing Southern Ry. Co. v. Stewart, 51 So. 324, 164 Ala. 171; Carlisle v. A. G. S. R. R. Co., 52 So. 341, 166 Ala. 591; Southern Ry. Co. v. Stewart, 45 So. 51, 153 Ala. 133. Plaintiff was 40 yards beyond the crossing and a trespasser. Defendant owed him no duty to keep a lookout. That this duty may have rested upon defendant as to those at the crossing or rightfully on the track cannot avail plaintiff. Southern Ry. Co. v. Drake, 51 So. 996, 166 Ala. 540. No presumption, therefore, can arise from any duty on the part of the motorman to keep a lookout; that, in fact, the motorman was looking ahead. Such is the holding of this court in the following, among other, authorities: Southern Ry. Co. v. Stewart, 60 So. 927, 179 Ala. 304; Id., 45 So. 51, 153 Ala. 133; Id., 51 So. 324, 164 Ala. 171; Louisville & N. R. Co. v. Porter, 71 So. 334, 196 Ala. 17; Carlisle v. A. G. S. R. R. Co., 52 So. 341, 166 Ala. 591; Cent. of Ga. v. Vaughan, 9 So. 468, 93 Ala. 209, 30 Am. St. Rep. 50; Johnson v. B. R. L. & P. Co., 43 So. 33; 149 Ala. 529.

[4, 5] The case for recovery on subsequent negligence or wantonness must rest upon actual knowledge on the part of the motorman that the plaintiff was on the track under such circumstances reasonably indicating peril. Carlisle v. A. G. S. R. R. Co., supra. This fact may be inferred from the proof that at the time, or immediately before the injury, the person in charge of the locomotive was looking ahead down the track. Copeland v. Cent. of Ga. R. R. Co., 105 So. 809, 213 Ala. 620, and authorities, supra. The rule in this respect as applicable to steam railroads has been given like application to a motorman on street railways, without any distinction. B. R. L. & P. Co. v. Jones, 45 So. 177, 153 Ala. 157; Johnson v. B. R. L. & P. Co., 43 So. 33, 149 Ala. 529; M. L. & R. Co. v. Fuller, 18 Ala. App. 301, 92 So. 89.

[6] In the Jones Case, supra, the court said:

"If, however, the jury should find that the conditions were not such as made it the duty of the motorman to keep the lookout, then, according to our former adjudication, there must, to render the charge appropriate, be some evidence tending to show the motorman was looking ahead."

And in the Johnson Case, supra, it was said, there must be "actual knowledge of the peril," which "may be inferred from the existence of other facts, shown in the evidence; but the existence of such facts should not rest purely in conjecture or speculation." None of these facts are here shown, and therefore under our decisions there was nothing but conjecture or speculation upon which to rest a finding that the motorman saw

plaintiff in a position of peril upon the track. Therefore plaintiff failed to make out his prima facie case, and the affirmative charge for defendant was properly given.

[7] Plea 4 to the effect that plaintiff was a trespasser on defendant's track was sufficient as an answer to these counts 1, 2, 5, and 8, where recovery is sought on simple negligence (Liverett v. N. C. St. L. Ry., 65 So. 54, 186 Ala. 111) placing the burden of further averment as to subsequent negligence upon the plaintiff.

[8] Count 7 was a subsequent negligence count and 6 a wanton count. Plea 4 was not addressed to count 7, and demurrer to the plea as addressed to count 6 was overruled. It may be questioned that count 3 was sufficient as a subsequent negligence count; but, so conceding, the demurrer to plea 4 was addressed as pleaded to the first three counts, and not as an answer to simple negligence counts only. It was good as to such counts as previously stated, and, if sufficient as to any of these counts, then the demurrer was properly overruled.

[9] No reversible error here appears. The fact that the roadway on each side of this parkway was torn up for paving would not suffice as a legal excuse for its use by plaintiff; nor was the fact that plaintiff had made such use of the parkway previously relevant. There was no offer to show that the motorman had any knowledge of the use of this parkway by plaintiff or any member of the public, or indeed that the motorman had been on the line or made this run before; nor was there effort or offer, when inquiry was propounded to counsel by the court, to show a frequent, long-continued use of this parkway by the public in such numbers as would charge one, in control of the car and with knowledge of the conditions, with a duty to keep a lookout or with consciousness of danger at that point. L. & N. R. R. Co. v. Heidtmueller, 89 So. 191, 206 Ala. 29; Southern Ry. v. Stewart, 60 So. 927, 179 Ala. 304; Sims v. A. G. S. R. R. Co., 72 So. 328, 197 Ala. 151; Bickerstaff v. Ill. Cent., 97 So. 842, 210 Ala. 280.

[10] The question asked plaintiff as to whether or not he knew the parkway had been regularly used by automobiles for two weeks, did not suffice for such purpose, and, if answered affirmatively, the result of the case would not have been changed. Carlisle v. A. G. S. R. R. Co., supra. There was no reversible error in sustaining this objection.

Other questions presented on objections to evidence have been examined, but are not considered of sufficient importance for separate treatment. Suffice it to say they present no reversible error.

It results that upon a reconsideration of this cause the conclusion has been reached that the former opinion be withdrawn, and, no reversible error appearing, the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.