962

## DEVINE v. POLLARD.
### No. 9917.

Circuit Court of Appeals, Fifth Circuit.
Dec. 5, 1941.

S. P. Smith and D. H. Markstein, Jr., both of Birmingham, for appellant.

W. H. Sadler, of Birmingham, Ala., for appellee.

Before HUTCHESON and McCORD, Circuit Judges, and MIZE, District Judge.

MIZE, District Judge.

The appellant was plaintiff in the court below and filed his suit in the state court of Alabama against appellee, claiming damages because of the alleged negligent killing of his minor son. The accident occurred in the day time, out in the country at a point in the neighborhood of a public road crossing in Jefferson County. The train which killed the child was a freight train moving in an easterly direction. It was composed of forty-five cars and an engine. The declaration was filed in two counts. The first count alleged that the child was struck upon the public crossing. The second count alleged that the child's death was proximately caused by the subsequent negligence of the defendant's servants in charge of the train, but not at a public crossing. It alleged that the servants of the Railroad Company, while operating the train, discovered the perilous position of the child on the railroad track and that after discovering its perilous position they negligently failed to stop the train and as a proximate result of their negligence the child was killed. The suit was removed

to the federal court, and after all of the evidence for both appellant and appellee had been introduced, the trial court directed a verdict for the appellee.

The testimony showed that the child was five years old and was killed near the crossing known as McComb's Crossing in Jefferson County, Alabama. The train was traveling in an easterly direction and the accident happened between 8 and 9 o'clock, A. M. The day was clear, the sun was shining and the track was straight for approximately one-half mile west from the point where the child's body was found. The child's body was found approximately 500 feet east of the crossing and the engineer testified that McComb's is a flag stop and that he gave the signals for the crossing at that place; that there was a curve west of the crossing and that the east curve would be about eight car lengths west of the crossing, but from that point on the track was straight; that before he got to the crossing he was keeping a lookout; that as he approached the crossing there was no child or anyone else on the crossing, but soon thereafter he saw the child and at the time when he first saw it, it was coming on to the track from the left side, east of the crossing; that the distance from the crossing to the point where he first saw the child was about 530 some odd feet from the crossing; that when he saw the child he immediately applied the brakes in emergency, opened the sand valve, blew the whistle and continued to blow the whistle until the child was struck; that the train was properly equipped with modern appliances. He testified that in his judgment when he first saw the child he was somewhere between 5 and 8 car lengths east of the crossing; that a car length is approximately 40 feet; that when he first saw the child it was coming on to the track from the fireman's side and at the time it was struck it was between the center of the track and the right rail; that his train ran approximately 25 car lengths after he applied the emergency brakes before it came to a complete stop.

The appellant contended that the child was struck west of the crossing, and to support this theory relied upon circumstantial evidence. The circumstances relied upon were related by an expert on blood stains. This expert, after having qualified, testified that on Monday following the accident he went to the crossing and lifted some suspected stains from the ties, rails and slag along the track; that in lifting these stains he used distilled water and sterilized cotton and would lift from the rail, tie or slag where there was a suspected spot of blood quantities of it and place it in a bottle and then make a chemical analysis; that the first spot found east of the crossing was approximately fifteen feet and from that point down to the point where the body was found, he lifted several specimens, and a specimen from the pool where the body was found. He then came back and made an examination west of the crossing and found one spot four railroad ties distant from a point where the dirt was piled up on the crossing. His chemical analysis disclosed that this was blood and the analysis of each of the spots, including the pool where the body was found, were similar. He made no analysis to determine if it was human blood. The spot that was found west of the crossing was on some rocks just outside the right rail. In addition to the blood stains, the witness stated that at the point 15 feet east of the crossing, just inside the right rail, on the cross tie, there was an abrasion on the tie as if something had hit it, or as if it had been kicked, and that upon an examination of the shoe of the child he found a splinter a little less than half an inch stuck in the end of the toe on the sole of the shoe, and that under the microscope this splinter found in the shoe and the wood of the tie where the abrasion was appeared to be the same.

The law governing the rights of these parties is determined, of course, by the law of Alabama. Erie Railway Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487. The action of the trial court in directing a verdict for the defendant was correct. There was no evidence whatsoever that would justify a conclusion that the child was struck on the crossing. The law applicable to crossings, therefore, does not apply in this case. It is not sufficient to prove that an injury occurred near a public crossing. Southern Railway Co. v. Cates, 211 Ala. 282, 100 So. 356; Snyder v. Mobile L. & Ry. Co., 214 Ala. 310, 107 So. 451. The evidence fails to show that the servants of the appellee were guilty of any subsequent negligence. The testimony, on the contrary, is positive that the engineer did everything reasonably possible to avoid striking the child after he saw him. Before the Railroad Company could be charged with subsequent negli-

gence it must appear that the engineer saw the child in a position of impending peril, and this knowledge cannot be imputed by conjecture. If it be assumed that the evidence sufficiently shows that the child was struck west of the crossing, yet it is utterly lacking in showing that the engineer saw him there in a place of danger or impending danger. If the engineer had seen the child in a place of danger at a time when he could have stopped his train by the exercise of reasonable care and he failed to do so, then the Railroad Company would be liable. But in this case there are no circumstances from which it can reasonably be inferred that the engineer saw the child in a place of danger in time to have prevented its death. The positive testimony is that he did not. This is not sufficiently disputed by the circumstances to create an issue of fact.

The authorities relied upon by the appellant are not applicable for the reason that the facts of those cases were different from those in the instant case. Appellant insists that the case should have been submitted to the jury on the theory that the engineer—who testified he was looking ahead—must have seen the child in a place of peril at a time when the death could have been prevented by the exercise of due care. The fallacy of this contention is that there was no evidence to support it. If the engineer's testimony as to the manner of the child coming upon the track be eliminated, then there is no evidence showing how the child came on the track. "The burden rested upon the plaintiff to show that at the time of the intestate's death * * * deceased was so circumstanced to the knowledge of the defendant as that defendant could, by the exercise of due diligence, have prevented the injury." Elliott v. Northern Alabama Railway Co., 222 Ala. 79, 130 So. 775, 776. The position of the child prior to the time it was struck must be shown by the plaintiff and the evidence must indicate that its perilous condition was known to the servants of the company in time to have prevented its death. "* * * The fact that the track was straight and the enginemen keeping a look-out ahead, as far as consistent with * * * other duties in the operation of the train, affords, of course, no inference that they saw deceased upon the track unless by some other evidence it be shown that he was in fact upon the track in advance of the engine." Carlisle v. Alabama G. S. R. Co., 166 Ala. 591, 52 So. 341, 343; Southern Railway Co. v. Shirley, 189 Ala. 568, 66 So. 511. The child, while undertaking to cross the tracks of the Railroad Company at a place other than a public crossing was, at most, a mere licensee, and while it had the right to cross the tracks of the defendant company without being a trespasser as the term is usually understood, yet no additional duties were imposed upon the Railroad Company to know that he was there or to keep an especial lookout for him. The company owed it the duty to use due care and reasonable diligence to avoid inflicting injury to it after being conscious of its impending peril. Alabama G. S. Railway Co. v. Linn, 103 Ala. 134, 15 So. 508.

Many authorities are cited by the appellant which are inapplicable to the facts of the present case. The case of Pollard v. Nicholls, 5 Cir., 99 F.2d 955, is cited and especially stressed by the appellant as being applicable to the issues in the present case. The facts of that case, however, as a matter of fact, are entirely different. In that case there was a steep embankment on each side of the track covered with a thick underbrush. When the child attempted to force the horse to go down the embankment it held back and reared up, his head and part of his body having been pulled away from the track. It was a light train and the position of the child was such that the engineer must have known of her perilous position, and there was substantial evidence that after discovering the peril the engineer failed to make use of all means at hand to prevent the injury. We do not think the case is applicable to the facts of the present case.

The judgment of the District Court was correct.

Affirmed.