# Birmingham Ry. L. & P. Co. *v.* Randle.

*Damages for Injury to Person Crossing the Track.*

(Decided March 2, 1907. 43 So. Rep. 355.)

1. *Master and Servant; Negligence of Servant; Responsibility of Master; Wilfulness.*—An allegation of the negligence of the master may be sustained by proof of negligence of the servant, and when the master participated in the negligence of the servant by directing the latter to do or to perform the negligent act this would operate to change the master's act from simple negligence to intention or wilfulness, if the act complained of was intentionally or wilfully done.

2. *Same; Wilful Act of Servant.*—Where the evidence did not disclose that the defendant corporation participated in the wilful act of its employe or thereafter ratified such act, a count charging defendant corporation with wilfulness or wantonness is not sustained by evidence of such acts on the part of its employe.

3. *Evidence; Expert Testimony; Subject.*—Where a witness qualifies as an expert concerning the operation of street cars he may testify as to the distance in which a car could be stopped, running at the rate of speed of the car in question.

[Birmingham Ry. L. & P. Co. v. Randle.]

4. *Same; Conclusion.*—One may not testify that the motorman seemed to try to stop the car as quick as he could; he should be required to state what the motorman did in reference to an attempt to stop the car.

5. *Street Railroads; Injuries to Pedestrians; Action; Evidence.*—It having been shown by defendant's motorman that when he first saw deceased he was walking in a path two or three feet from the side of the track, it was proper to permit him to state whether the car would have struck deceased in passing him at that distance from the car.

6. *Evidence; Opinion.*—A motorman is not entitled to testify whether he stopped the car as soon as he could but must state what he did to stop the car and whether that was all that could have been done to stop the car as soon as possible.

7. *Same; Insanity; Non Experts.*—A non expert testifying on an issue of insanity must be required to state the facts on which his opinion is based.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by W. J. Randle, as administrator of the estate of John M. Randle, deceased, against the Birmingham Railway, Light & Power Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

This was an action for damages for the negligent killing of John M. Randle by running over him with a car being operated by defendant over its street railway on a populous street in the city of Birmingham. The pleadings in the case sufficiently appear from the opinion. The witness Clayton was shown to have been a conductor on the car for several months. He was not a motorman, but he testified that he had not ascertained any knowledge as motorman, but that he had ascertained some knowledge as a conductor; that at the time of the accident he had been on the car about three days as conductor, and had been conductor since the action; that he had never stopped the car, but had seen the cars stopped; that he had experience in observing and noticing motormen stop cars, the rate of speed they were going, and the distance in which they can be stopped. He was then asked: "Can you tell the jury as to the distance the car would have to go before it could be stopped,

when it was going at the rate of 15 miles an hour?"
Witness answered: "Upgrade as it was at that imme-
diate distance, the motorman could have stopped the
car in three lengths of the car, and the cars are from 28
to 30 feet long." There was objection to the question,
and a motion to exclude the answer. The following
question was propounded to the witness J. M. Loggin:
"Now, I will ask you to state this, the question I asked
you: From the point where you said you saw the rail-
road track, where it struck Mr. Randle, how far was it
from that point to where you last saw the car before it
did strike Mr. Randle, passing by your house?" The
witness answered: "I will say that it was from 25 to
30 feet from where the car struck the man to the point
where I last saw the car before it did strike him." There
was objection to both question and answer. The other
facts sufficiently appear in the opinion of the court.

At the request of the plaintiff, the court gave the fol-
lowing written charges: (1) "The court charges the
jury, if they believe from the evidence that the killing of
Randle was the result of the wanton negligence of the
motorman, your verdict must be for the plaintiff in such
sum as the jury think proper, not exceeding $25,000."
(4) "The court charges the jury, if the jury are reason-
ably satisfied from the evidence that Randle's death was
caused by the wanton negligence of the defendant's em-
ploye, the jury must find a verdict for the plaintiff."
(7) "The court charges the jury that if the motorman
saw Randle ahead of the car on the track in a danger-
ous position with reference to the car, or if he saw
Randle in dangerous proximity to the track, it at once
became his duty to use every means at his command to
prevent the injuries to Randle, and if he willfully
failed to do so your verdict must be for the plaintiff."
(8) "The court charges the jury that, if they are rea-
sonably satisfied from the evidence that the plaintiff has
sustained the averments of the third count as applied
to the law as given by the court, then the plaintiff is en-
titled to recover."

The defendant requested a number of charges, which
were refused, but which it is unnecessary here to set
out. Charge 11, refused to the defendant, was the af-

firmative charge as to the third count of the complaint.

Motion was made for a new trial, predicated upon the errors and matters discussed in the opinion, but was overruled. There was a verdict for plaintiff, and his damages were assessed in the sum of $13,000.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. —The doctrine that has been applied to a count charging wanton, willful or intentional acts on the part of the defendant should be applied to a count which avers the simple negligence charge to be negligence of the defendant itself.—*City Delivery Co. v. Henry*, 139 Ala. 169; *Bir. S. R. R. Co. v. Gunn*, 37 South. 329; *Southern Ry. Co. v. Yancey*, 37 South. 341; *Central of Ga. Ry. Co. v. Freeman*, 37 South. 387. Under the foregoing authorities, proof of the actual participation on the part of the defendant in the damnifying act was essential to a recovery by plaintiff under the third count. There are some emotions in appearances that cannot be described in any other way than that they seemed to be so and for this reason Ed. Robinson's testimony should have been admitted.—*Thornton v. The State*, 113 Ala. 32. In the light of the averments of the 2nd and 3rd counts, the motorman Duffy should have been allowed to answer the question as to whether or not he stopped the car as soon as he could.—*Choate v. Southern Ry. Co.*, 119 Ala. 611; *A. G. S. Ry. Co. v. Lynn*, 103 Ala. 138. Sanity being the normal condition of the mind, a witness with proper acquaintance may be permitted to state his opinion that a person is of sound mind, but the question asked the witness Loggin did not fall within the rule thus laid down.—*Ragland v. The State*, 125 Ala. 12; *Torrey v. Burney*, 100 Ala. 57; *Parrish v. The State*, 36 South. On the authorities cited to the first proposition in this brief, the charges given to plaintiff should have been refused.—*L. & N. R. R. Co. v. Black*, 89 Ala. 313. On these same authorities charges 2, 10 and 11 should have been given for defendant. Charge 3 should have been given.—*Harris v. The State*, 96 Ala. 24; *Smith v. The State*, 88 Ala. 73. On the same authorities charges 4 and 5 should have been given. Charges 6, 7 and 8 should have been given.—*Hale v. The*

*State,* 26 South. 236. Counsel discuss other charges but cite no authority.

DENSON & ULLMAN, and W. A. DENSON, for appellee.—Counsel filed an elaborate brief on the question of the signing of the bill of exceptions ,but if any brief was filed on the merits it did not come to the reporter.

DOWDELL, J.—The complaint as originally filed contained three counts. The first count was subsequently withdrawn,. and the third count amended. The second count counted on simple negligence, and was in case, while the third count, as amended, was in trespass. This count charged that "The defendant wantonly, willfully, or intentionally ran its car or cars against and over the plaintiff's decedent at said time and place killing the decedent," etc. The damnifying act is alleged to have been the act of the defendant corporation, and not of the servant or agent. We are unable to draw any distinction in principle between this case, in so far as the third count of the complaint is concerned, and the case of *City Delivery Co. v. Henry,* 139 Ala. 161, 34 South. 389, which latter case has been followed in *Birmingham Sou. R. R. v. Gunn,* 141 Ala. 372, 37 South. 329; *Sou. Ry Co. v. Yancey,* 141 Ala. 246, 37 South. 341, and *C. of G. R. R. v. Freeman,* 140 Ala. 581, 37 South. 387.

It is insisted by counsel for appellant that the same doctrine should apply to the second count of the complaint, in which the negligence averred is charged to have been the negligence of the defendant, and not of its agent or servant. We cannot assent to this contention. There is that difference between the averments of the second count and third count as amended that there is between an affirmative act and a failure to act. Willfulness or intention can in no sense obtain in an act of negligence. In law, the principal is always responsible for the negligence of his agent, and in a sense the negligence of the agent is the negligence of the principal. The averment of negligence of the principal may therefore be sustained by evidence of the negligence of his agent. To show that the principal participated in the negligent act of its agent, by directing the agent to

do or perform said act, would be to change it from negligence to intention or willfulness. There was a total absence of evidence showing, or tending to show, that the defendant corporation participated in any manner or form in the damnifying act, or any subsequent ratification thereof, and it therefore follows, from what we have said above, that the written charges given at the instance of the plaintiff, which were predicated upon wantonness, should have been refused.

Charge 11, requested by the defendant, should have been given. We find no error in the refusal of the several other written charges requested by the defendant.

The witness Clayton was shown by the evidence to have possessed that degree of experience and knowledge in the operation and running of cars which would qualify him to testify as an expert to the distance in which a car could be stopped running at the speed of the car in question, and it was not error to allow him, against the objection of the defendant, to give his opinion on the question. There was no error in admitting the evidence of the witness J. N. Loggin, relative to the distance from where witness last saw the deceased on the track to where the car struck him. There was no error in the exclusion of the statement by the witness Ed Robinson that the motorman "seemed to try to stop the car as quick as he could." This was but an opinion or conclusion of the witness, and he should have been required to state the facts as to what the motorman did after witness saw him put his feet on the bell and his hand on the brake in order to stop the car.

It was competent for the witness Duffey, defendant's motorman, after having testified that when he first saw the deceased he was walking in a path by the side of the track about two or three feet from the street car track, to have further testified whether or not the car would have struck him in passing him at that distance from the track. The same may be said as to the statement contained in the showing made for the absent witness James C. Loggin. Motorman Duffey was asked the question: "Tell the jury whether or not you stopped the car as soon as you could?" The court sustained an objection by the plaintiff to this question. The witness

[Bradley v. Louisville & Nashville R. R. Co.]

should have been required to state the facts as to what he did in order to stop the car, and, after having so stated these facts, it would have then been proper to have further inquired of him as to whether what he did was all that could have been done to stop the car as soon as possible

The rule is well established in this court that a nonexpert must state the facts upon which he bases his opinion in testifying as to insanity—*Ragland v. State*, 125 Ala. 12, 27 South. 983; *Burney v. Torrey*, 100 Ala. 157, 14 South. 685, 46 Am. St. Rep. 33; *Parrish v. State*, 139 Ala. 16, 36 South. 1012.

For the error pointed out, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

WEAKLEY, C. J., and TYSON and SIMPSON, JJ., concur.