# Birmingham Ry. L. & P. Co. *v.* Jaffee.

### *Injury to Person on Track.*

(Decided Jan. 16th, 1908.   45 So. Rep. 469.)

1. *Street Railroads; Operation; Personal Injury; Wantonness; Pleading.*—A count charging that defendant's car was wantonly and recklessly propelled, and while being so propelled, was run over plaintiff, is insufficient as a count in wanton injury, for a failure to aver that the injury was wantonly inflicted, and for failure to charge a conscious knowledge that the wantonness would probably result in injury, or for a failure to set forth such a state of facts from which such knowledge might be reasonably inferred; but it is good as a count in simple negligence, and open to the defense of contributory negligence.

2. *Same.*—A count charging that the car which struck plaintiff was being operated at the usual rate of speed in a populous city, and

that the motorman was wantonly and recklessly running the car without looking ahead, and at the time of the accident was looking towards the rear of the car, was not good as a count in wanton injury, for a failure to charge conscious knowlege on the part of the mtorman that his failure to look ahead would probably result in the injury; but is a good count in simple negligence, to which contributory negligence is pleadable as a defense.

3. *Same.*—A count charging wontonness generally and then setting forth a state of facts showing a negligent omission of the duty to keep a lookout ahead, but no conscious knowledge that such omission of duty would probably result in the injury, is not a good count in wanton injury, as the facts set out therein control the general charge of wantonness; but is a good count in simple negligence, and nothing more.

4. *Same.*—Where a count charges wantonness and wilfullness in general terms and sets forth no facts upon which such averments are based, such a count, under our liberal system of pleadings, charges wantonness, and is not open to the defense of contributory negligence.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Benjamin Jaffee against the Birmingham Railway, Light & Power Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The complaint is as follows: "Plaintiff claims of the defendant the sum of $30,000 damages, for this: That defendant was on the 13th day of July, 1903, operating a street railroad with cars on the streets of Birmingham, Alabama, which said cars were being propelled by electric power, and while so operating said cars on Nineteenth street in said city, a public highway, on said day, the defendant recklessly and wantonly propelled one of said cars along said track on said street at a high and dangerous rate of speed, and while said car was being so propelled at said high and dangerous rate of speed, and while plaintiff was crossing said street, ran said car over said plaintiff, mangling and wounding said plaintiff." Here follows a detailed statement of his injuries. Count 2: Same as count 1 down to and including the words "Nineteenth street," and adds: "Which said

street is a public highway or street of said city, along which the public travel in great numbers, and on said day the defendant was operating one of its cars along said street near Ninth avenue and said street, which is a populous portion of the city, going at the usual rate of speed, when plaintiff, who was crossing said street just ahead of said car, was struck by the car, and was dragged along said street, and mangled and wounded, etc., and. plaintiff avers that said injuries were caused by the wanton and reckless manner in which the defendant's servants in charge of said car ran the same along said highway, that the motorman in charge of said car wantonly and recklessly ran said car without looking ahead, and at the time of the collision aforesaid was looking towards the rear of the car." Count 3 :: After alleging that defendant was operating the street car as in the other counts, and that plaintiff was crossing the track, which was in a highway of said city, it is alleged "that the car came in collision with plaintiff, inflicting the injuries set out above, and the consequent damages, when plaintiff avers that while running said car it was the duty of the motorman, who was a servant of defendant in charge of said car, to keep a lookout ahead and see that there were no obstructions on the track, and to signal with the bell to persons in the highway, and thus warn them of the approach of said car; and plaintiff avers that while he was crossing said street some distance ahead of said car the said car was running at a high rate of speed, and said motorman in charge of said car wantonly and willfully omitted to look ahead, so that he could see plaintiff, but, on the contrary, just immediately before said collision said motorman in charge of said car engaged in conversation with a passenger on said car, and in so doing willfully and wantonly omitted to keep a proper lookout ahead, in that,

as the said car was approaching the place where plaintiff was crossing said highway, said motorman had his face to the rear of said car, so that he could not see the tracks ahead, and continued in conversation with said passenger, with his face to the rear of said car, until said car was so close to plaintiff that it could not be stopped in time to prevent the collision." Count 4: The allegation of negligence in this count is as follows: "That while plaintiff was crossing said track the motorman in charge of said car saw plaintiff was about to cross said track in said highway, and had every reason to believe that plaintiff was not aware of the approach of said car, and while so running said car willfully and wantonly caused said car to come into collision with plaintiff, causing the injuries set out in the first and second counts. That said motorman, although he saw plaintiff about to cross said track, gave him no warning of the approach of said car until it was too near plaintiff to stop said car." Count 5, after alleging the collision and damages and conditions as alleged in the other count, avers that said injuries were caused by the reckless, wanton, and intentional misconduct of the servant of the defendant in charge of said car, its motorman, whose duty it is to control the running of said car and to pay close attention to the track ahead of said car while the same is running; and plaintiff avers that said motorman, in violation of his duty to keep a lookout ahead while he was running said car along said Nineteenth street and near Ninth avenue, turned his face to the rear of said car while it was running along said street at a high rate of speed and became engaged in conversation with a passenger on said car, or became engaged in calling out to a passenger on said car certain matter on a newspaper held by said passenger, and while so engaged the car ran so close to plaintiff, who was crossing the track, that it

could not be stopped in time · to avoid the collision. Count 6: Same as counts 1 and 2 as to operation, collision, and damages; and injury is averred as follows: "Said injuries were caused by the defendant, in this: that the motorman in charge of said car, in the service and employment of defendant, so recklessly and wantonly operated said car along the said highway that it came in collision with plaintiff as aforesaid." Count 7: The allegation of negligence is as follows: "And while so operating said cars on Nineteenth street in said city, one of the public highways of said city, on said day, one B., in charge of one of the cars of the defendant, in the management, conduct, and running of one of its said cars on said street, with reckless, unwarranted, and dangerous manner, did wantonly and recklessly cause said car to strike and come in collision with plaintiff while crossing said Ninth avenue, which is a populous portion of said city, and along which said street large numbers of persons continually pass and cross." Count 8: A combination of counts 2, 3, and 7 in its allegation of negligence.

The defendant interposed demurrers to these counts, which were overruled, and which are not necessary to be here set out. The defendant then filed several pleas of contributory negligence to each count. The court sustained demurrers to these pleas, because they were not answers to counts for willful or wanton injury. There was judgment for $3,688.60.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. Counsel discuss the demurrers to each count of the complaint and cite as an authority to sustain their contention as to the eighth count.—*Central of Ga. Ry. Co. v. Foshee*, 125 Ala. 226. It is further insisted that the 8th count is not within the lis pendens of the original complaint, and that the pleas interposed to it should have

[Birmingham Ry., L. & P. Co. v. Jaffee.]

been sustained.—*Nelson v. First Nat. Bank*, 139 Ala. 538; *Freeman v. Cent. of Ga. Ry. Co.*, in MS. Counsel discuss refused charges but without citation of authority. They insist that the affirmative charge should have been given as to the 8th count on the authority of *Freeman v. Central of Ga. Ry. Co., supra*.

POWELL & BLACKBURN, for appellee. No brief came to the Reporter.

DOWDELL, J.—The complaint contains eight counts, all of which were intended by the pleader as counting on willful or wanton wrong and injury, and evidently, from the ruling of the trial court in sustaining demurrers to the pleas of contributory negligence severally interposed to these counts by the defendant, the court so regarded and considered them. On the principle stated in the case of *L. & N. R. R. Co. v. Anchors*, 114 Ala. 492, 22 South. 279, 62 Am. St. Rep. 116, and on the authority of that case and others which follow it, several of the counts are insufficient in averments as counts for either willful or wanton injury.

The first count, while it avers that the car was recklessly and wantonly propelled, does not aver in terms that the injury was wantonly inflicted; nor does it aver the existence of conscious knowledge on the part of the defendant, or rather its agent, that the alleged wantonness would naturally or probably result in injury to the plaintiff; nor does it aver a state of facts as to time, place, and circumstances from which such conscious knowledge of probable injury to follow the alleged wantonness might be fairly and reasonably inferred. In the case of *Railroad Co. v. Anchors, supra*, recklessness was said to import nothing more than negligence—simple negligence, and it may be, and is doubtless so, that the

averment in the count of the reckless propelling of the car which collided with and injured the plaintiff constituted the count sufficient as declaring for simple negligence. This being true, there was no error in overruling the demurrer interposed to it on the ground of its insufficiency as a count of wantonness, since it stated a good cause of action in simple negligence. As a count for simple negligence it was open to the defense of contributory negligence, and the court committed error in sustaining the demurrers to pleas setting up this defense.

The second count is likewise insufficient in declaring for wanton injury. It is averred in this count that the car which struck the plaintiff was at the time being operated at the usual rate of speed in a populous portion of the city, and, further, "that said injuries were caused by the wanton and reckless manner in which the defendant's servants in charge of said car ran the same along said highway." Then follows a statement of the facts constituting the alleged wantonness: "That the motorman in charge of said car wantonly and recklessly ran said car without looking ahead, and at the time of the collision aforesaid was looking toward the rear of the car." The facts here stated show only a failure to keep a proper lookout, which is universally recognized to constitute nothing more than simple negligence. It is wanting in averment of a conscious knowledge on the part of the motorman that his failure at the time to look ahead would naturally and probably result in the injury complained of. Besides, for aught that appears, the motorman may have been in discharge of a duty in looking to the rear at the particular time, as his duties of keeping a proper lookout are not confined to looking ahead always.

The third count, while it avers that the car was being run at a high rate of speed, omits to aver that it was in

[Birmingham Ry., L. & P. Co. v. Jaffee.]

a populous portion of the city, or other like circumstances as to time and place of the injury, and the facts which are stated as constituting the alleged wantonness, like the second count, show nothing more than simple negligence. The fourth count, after amendment, and the fifth and sixth counts, fall short in averments necessary to constitute a good complaint for wanton injury. Each of these counts are subject to one or more of the infirmities hereinabove pointed out as to the first and second counts. The eighth count, when analyzed, is nothing more than a count in simple negligence. The facts on which the alleged willfulness and wantonness are predicated control the general averment of willfulness.— *Central of Ga. R. R. v. Foshee*, 125 Ala. 199, 27 South. 1006. The facts stated show a negligent omission of duty in keeping a proper lookout, without any averment of a conscious knowledge that such negligent omission of duty would probably result in the alleged injury.

The seventh count, unlike the others, avers in terms that the injury complained of was wantonly inflicted, without stating the facts in which the wantonness consisted. To this count, therefore, the plea of contributory negligence was no defense, and the demurrer was as to it properly sustained.

We deem it unnecessary to consider other questions raised on the trial, as they may not arise upon another trial. For the errors indicated, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and McCLELLAN, JJ., concur.