[Central of Georgia Railway Co. v. Blackmon.]

# Central of Georgia Railway Co. *v.* Blackmon.

*Damages for Injury to Person on Track.*

(Decided Nov. 17, 1910.   Rehearing denied Dec. 22, 1910.
53 South. 805.)

1. *Railroads; Injury to Person on Track; Duty of Trainman.*—The servants in charge of a train owe no duty to a trespasser on the track to keep a lookout, but owe him the duty of preventing injury if they can do so after discovery of his peril and after becoming aware that he cannot or will not extricate himself from his perilous position.

2. *Same; Complaint.*—In an action for the death of a person struck by a train, a complaint which shows that the decedent was a trespasser, must allege willful or wanton misconduct on the part of the trainmen or negligence on their part after discovery of peril, and failing therein, is demurrable.

3. *Same.*—Where the action is for the death of a person on the track, a complaint which charges only simple negligence must negative the fact that the person injured was a trespasser.

4. *Same.*—In an action for the death of a person on the track, a complaint alleging that the deceased was struck by a train while on a path on the roadbed and that the servants in charge of the train discovered the decedent's peril and negligently managed the train and thereby caused the accident, alleges negligence after the discovery of peril of decedent who was a trespasser as shown therein, and hence, was sufficient.

5. *Same; Contributory Negligence.*—Where a trespasser on a railroad track remains on the track after becoming aware of his danger because of an approaching train, his act is negligence concurrent with or subsequent to the negligence of the trainmen in failing to exercise proper care after discovering his peril and defeats an action for his death.

6. *Same; Care Required.*—Trainmen may assume that an adult trespasser on the track can see and hear the train and they need not warn him until they discover him and have reason to believe that he is not aware of the approaching train.

7. *Same.*—The failure of an adult trespasser on a railroad track when facing an approaching train, to get off the track at any particular time and place is not of itself notice to the engineer that he cannot or will not get off before the train reaches him; and the mere fact that the track is on a sloping embankment from four to five feet high on either side with weeds and briars where the embankment ends, does not show an inability to leave the track, and unless the trespasser is unable to leave the track and the engineer is aware of his disability, the company is not liable.

[Central of Georgia Railway Co. v. Blackmon.]

APPEAL from Dale Circuit Court.

Heard before Hon. M. SOLLIE.

Action by James H. Blackmon, administrator, against the Central of Georgia Railway Company, for damages for the death of his intestate. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Count 1 is as follows: "The plaintiff, as administrator, claims of the defendant, the sum of $20,000 as damages, for this: That the defendant, on or about September 9, 1908, was engaged in operating a railroad in said county and running trains thereon for the transportation of passengers and freight. That on or about said date one of defendant's trains, consisting of an engine and cars thereto attached, was being run on its said railroad by the servants and agents in said county near a public road crossing, said public road leading out from Ozark towards Barnes' Crossroads, and crossing defendant's said railroad at a point a little over a mile from the courthouse in the town of Ozark. Plaintiff avers that his intestate was walking along a path that was on a roadbed of defendant, and that he was walking said path at a point about 150 to 250 yards from the said public road crossing; that said intestate was coming towards Ozark, Ala., walking along said railway, and that while said intestate was walking along said pathway along said roadbed, the said engine and cars were coming from Ozark, being propelled by steam, and were approaching said intestate, being under the management and in charge of defendant's agents and servants; that plaintiff's intestate was put in peril of his life or great bodily harm by said approaching train; that the agents and servants of defendant in charge of said engine and cars saw said plaintiff's intestate, and saw that plaintiff's intestate could not avoid being in-

jured; that after the discovery of intestate's peril the agents and servants of the defendant in charge of said engine and cars so negligently and carelessly conducted themselves in the management of said engine and cars that said engine was caused by reason of such negligence to run upon intestate, and inflicted upon him injuries from which he died in a very few hours."

The demurrers raise the points indicated in the opinion. The following were the pleas filed by the defendant: "(2) That plaintiff's intestate was himself guilty of negligence, which proximately contributed to his injuries and death, in this: Plaintiff's said intestate got upon defendant's track and roadbed, and walked along the same for some distance, and at the time he received the injuries from which he died was walking along defendant's said track and roadbed, and was at the time walking in the direction from which the train which struck him was coming; that is, he was facing or meeting said train, and he negligently remained on said track or roadbed in dangerous proximity to said train then and there approaching, and until he was struck and injured, and that said acts on the part of the plaintiff's said intestate were done by him or committed by him with the knowledge on his part of his danger or peril. (3) That plaintiff's intestate was himself guilty of negligence, which proximately contributed to his injuries and death, in this: Plaintiff's said intestate negligently went to the defendant's track or roadbed, and negligently remained on said track or roadbed when the train which struck him was in dangerous proximity to him, and remained on said track or roadbed until said train ran against him and struck him, with the knowledge on his part of his peril in so doing. (4) That plaintiff's intestate negligently went upon defendant's track or roadbed, and walked down the same in the di-

rection from which the train which struck him was coming, until he was struck by said train, and with the knowledge on his part of his peril in so doing."

G. L. COMER, for appellant. The court erred in overruling demurrers to count 1.—*Ensley Ry. Co. v. Chewning*, 93 Ala. 24; *Glass v. M. & C. R. R. Co.*, 94 Ala. 581; *Bir. R. & E. Co. v. Bowers*, 110 Ala. 328; *L. & N. R. R. Co. v. Mitchell*, 134 Ala. 261; *N. C. & St. L. v. Harris*, 142 Ala. 249; *Johnson v. B. R. L. & P. Co.*, 149 Ala. 529; *Duncan v. St. L. & S. F. R. R. Co.*, 152 Ala. 118; *So. Ry. Co. v. Forester*, 158 Ala. 477; *Mobile L. & R. R. Co. v. Barker*, 158 Ala. 491. The court erred in sustaining demurrers to plea 2.—*Johnson v. B. R. L. & P. Co., supra; Mobile L. & R. Co. v. Barker, supra*. On the same authorities, the court erred in sustaining demurrers to pleas 3 and 4. The question as to how much travel was done along said road was immaterial, as the place where the injury occurred was at least two hundred yards from any crossing, or from where any one had a right to be.—*Glass v. M. & C., supra; B. R. L. & P. Co. v. Jones*, 153 Ala. 157. Counsel discuss other assignments of error as to evidence, but without citation of authority. The affirmative charge for the appellant should have been given.—*N. C. & St. L. v. Harris, supra; B. R. L. & P. Co. v. Jones, supra; So. Ry. Co. v. Forester, supra; Anniston E. & G. Co. v. Rosen*, 159 Ala. 195; *So. Ry. v. Gullat*, 158 Ala. 502. The court erred in refusing charge 4.—*L. & N. v. Markee*, 103 Ala. 160; *So. Ry. Co. v. Bush*, 122 Ala. 470. On the above authorities, the court erred in refusing charges 5 and 6.

H. L. MARTIN, for appellee. The complaint was not subject to any of the demurrers interposed.—125 Ala. 202; 117 Ala. 371; 123 Ala. 244; 93 Ala. 26; 113 Ala.

640; 153 Ala. 134; 153 Ala. 129. If there was error in sustaining demurrers to the special pleas it was without injury because defendant had the benefit of all the evidence under the general issue, and the charge of the court.—116 Ala. 515; 138 Ala. 561. It was the duty of the engineer to have known of the condition of the railroad at the place where Blackmon was injured and to this end, evidence as to the conditions was admissible.—136 Ala. 596; 105 Ala. 170; 103 Ala. 171; 153 Ala. 168. If the action of the intestate in going on the track was wrong, that is no defense if the trainmen after becoming aware of his peril failed to exert themselves to avert the disaster.—96 Ala. 268; 94 Ala. 590; 100 Ala. 492; 84 Ala. 152; 156 Ala. 279; 136 Ala. 352; Id. 595.

ANDERSON, J.—The intestate being a trespasser on the defendant's track at the time he was run over or against, and at a point where the defendant owed him no duty to keep a lookout, the defendant's servants owed him only the duty of preventing the injury, if they could do so, after discovering his peril on the track, and after becoming aware that he could not or would not extricate himself therefrom.—*Southern R. Co. v. Gullatt*, 150 Ala. 318, 43 South. 577; *Southern R. Co. v. Bush,* 122 Ala. 470, 26 South. 168. Therefore, the complaint would not be good after showing that the intestate was a trespasser unless it charged willful or wanton misconduct or negligence subsequent to a discovery of peril.—*Birmingham R. Co. v. Jones,* 153 Ala. 168. 45 South. 177. We do not understand the authorities to hold that the only duty owing a trespasser is not to wilfully or wantonly injure him, but they also permit a recovery for subsequent negligence as well—that is, for a negligent failure to use preventative means to avert

injury after a discovery of peril, and after a knowledge that the trespasser cannot extricate himself in time to avoid being injured—notwithstanding the act or omission of the servants in charge of the train did not amount to wilful misconduct or wanton negligence. It is true we have authorities, as noticed in section 414, p. 636, vol. 4, Mayfield's Digest, which in effect hold that a complaint which shows that the plaintiff was a trespasser when injured is bad on demurrer if it fails to aver wanton or wilful misconduct. But these cases were decided before the doctrine of subsequent negligence had gained much footing in this state, and the negligence there charged was original or initiative negligence as distinguished from subsequent negligence or negligence after a discovery of peril. We think the true rule as testing the sufficiency of a complaint, is that when simple negligence only is charged—that is, initial negligence—it should bring the plaintiff within the protection of the rule and show that he was not a trespasser. —*Holland v. L. & N. R. R. Co.,* 164 Ala. 73, 51 South. 366; *Gadsden R. R. Co. v. Julian,* 133 Ala. 373, 32 South. 135. On the other hand, although the injured party was a trespasser when injured, and this fact is set out in the complaint, it would not be subject to demurrer if it charged that the injury was wilfully or wantonly inflicted, or that it was due to negligence subsequent to a discovery of peril, and which last fact is charged in the only count in the present complaint that went to the jury—count 1. Count 1 does not charge wanton or wilful misconduct, but charges a mere negligent failure to prevent the injury after a discovery of peril. It does charge that defendant's servants knew of intestate's peril, and knew that he could not extricate himself or avoid being injured, but it does not charge that they then wilfully run over or against him, or that they wan-

tonly neglected to discharge the duties required in order to avoid running over or against him. The complaint did not charge wanton or wilful misconduct.— *L. & N. R. R. Co. v. Brown,* 121 Ala. 226, 25 South. 609, and cases there cited. But although it showed upon its face that the intestate was a trespasser, it charged negligence subsequent to a discovery of peril, and was not subject to the defendant's demurrers, and the trial court did not err in overruling same. The rule as laid down by this court, as in other jurisdictions, including England, is that while the plaintiff's intestate's negligence in being on the track would defeat a recovery for initial or antecedent negligence, yet he could recover if defendant's servants, in charge of the train, became aware of the intestate's peril in time to avoid running over him by the proper use of preventative means at their command, and negligently failed to resort to such means, to conserve his safety, provided the intestate himself was free from negligence after becoming conscious of his danger.—*Ala. G. S. R. R. Co. v. Mc-Whorter,* 156 Ala. 269, 47 South. 84; *Louisville & N. R. Co. v. Young,* 153 Ala. 232, 45 South. 238, 16 L. R. A. (N. S.) 301; *Central of Ga. R. R. Co. v. Foshee,* 125 Ala. 199, 27 South. 1006; *L. & N. R. R. Co. v. Brown,* 121 Ala. 227, 25 South. 609, and cases there cited. As was also held and properly so, in the case of *Louisville & N. R. Co. v. Young, supra,* and in the case of *St. Louis R. Co. v. Schumacher,* 152 U. S. 77, 14 Sup. Ct. 479, 38 L. Ed. 361, the plaintiff cannot recover if his negligence is not only subsequent to, but concurrent with, the subsequent negligence of the defendant. If the special pleas 2, 3, and 4 only set up contributory negligence on the part of plaintiff's intestate, anterior to the subsequent negligence of the defendant's servants as averred in the complaint, such as negligently going

or being on the track, they would not be good, and would be subject to the grounds of the demurrer interposed thereto; but said pleas not only set up the intestate's negligence in going upon and being on the track, but invokes his negligently remaining on the track until he was struck, with a knowledge or consciousness of his danger. If he remained on the track after becoming aware of his danger, this would be negligence concurrent with or subsequent to the negligence charged to the defendant's servants, and would be a complete defense to the complaint, and the trial court erred in sustaining the demurrers to defendant's pleas 2, 3, and 4, as they were certainly not subject to the grounds assigned in the demurrer.

While this case must be reversed because of certain rulings upon the pleading, we are also of the opinion that the trial court erred in refusing the general charge as requested by the defendant. If the defendant's evidence was true, the enginemen did all they could to avoid injury, as soon as they discovered the intestate, whether he was at the time in peril or not. It may be conceded, however, that there was a conflict in the testimony as to whether or not the engineer did not discover him sooner, as some of the plaintiff's evidence tended to show that the track was straight some distance between the approaching train and the intestate, and that the engineer could have seen him 200 feet, but did not attempt to stop until getting within about 60 feet of the intestate, and at too close a range to do so before striking him. There was also a conflict in the evidence as to whether or not an alarm was given the intestate, by the blowing of the whistle, after discovering him on the track. The trainmen owed him no duty to warn until they discovered him and had reason to believe that he was not aware of the approaching

train. While the evidence is not very full or definite on the subject, we can only gather from same that the intestate was meeting the train, when it collided with him, and the engineman had, we think, the right to assume that he could see and hear, and did see and hear the train ; one or both, as he was meeting said train and they were under no duty to warn him of the approach or to assume that he was not aware of its approach because he did not get off the track as soon as they saw him. It may also be conceded that the engineer saw him before he says he did; but the question then arises, Was the intestate, when discovered by him, in peril? If the engineer discovered him walking on the roadbed, meeting the train, his failure to get off at any particular time or place, was not, of itself, sufficient to impress the engineer with the fact that he could not or would not get off before meeting and colliding with the engine. Coming as he was, facing the approaching train, and using the roadbed as a path, the engineer had the right to assume that he saw or heard the train, and would step aside before it reached him. Of course, if he was down on the track, or in such a reclining position, as to indicate, that he could not get off, then the engineer should have resorted to all means to stop the train upon discovering him in such a position. Or if he was at a point on the track where he could not get off, such as being on a high trestle, the engineer should make every reasonable effort to stop the train upon discovering him. Or if the trespasser is a child, of such tender years as to not appreciate danger, although it may see or hear the approaching train, it would doubtless be the duty of the engineer to stop the train or attempt to do so upon discovering said child as he might not have the right to assume that an infant, of tender years, would get off. There might also be cases where the in-

jured party is going from the approaching train, and continued to remain on the track, when the engineer should warn, and, as a last resort, stop his train, upon the idea that the person did not see or hear the train, and was not aware of its approach. But no such facts exist in this case as the engineer had the right to assume that the intestate, an old but not disabled man, who was meeting the train, saw and heard it, one or both, and would get off the track before the engine met him, notwithstanding a delay in doing so. Neither does the proof show that the intestate could not get out of the way at the point where he was injured. True, the plaintiff's proof shows that the track was elevated with sloping embankments from 4 to 5 feet on each side, with weeds and briars where the embankments ended, but this does not show that the intestate could not have gotten off the track or that the engineer did not have the right to assume that he would not do so. Presumptively the engineer had the right to assume that the intestate was aware of the approach of the train, and that he would get out of the way before it struck him, notwithstanding he may have encountered a slight embankment and weeds and briars in doing so; and unless this presumption was overcome, by showing that some disability to get out of the way existed, either due to the condition of the person, track, or other cause, and that the engineer was aware of such disability, the defendant was entitled to the general charge.

The trial court erred in permitting the plaintiff to introduce in evidence the ordinance of the town of Ozark, as it was immaterial to the issue. In the first place, the collision was not within the corporate limits of the town, secondly, if it had occurred in said town, a violation of the ordinance would only show initial or ante-

cedent negligence, and not subsequent negligence    as counted on in count 1 of the complaint.

The judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.


