# Blackmon *v.* Central of Georgia Railway Co.

*Injury to Person on Track.*

(Decided February 5, 1914. 64 South. 592.)

1. *Railroads; Persons on Track; Wanton Negligence; Evidence.*— For the purpose of showing wanton negligence or willful injury on the part of the engineer or person in control of a train passing such a point, and in connection with other evidence, it is permissible to show a custom on the part of persons or the public living in that neighborhood, to use a railroad track for a longitudinal passage for their own convenience, without objection from the railroad company.

2. *Same; Simple Negligence; Pleading.*—A count for simple negligence in an action against a railroad for killing a person on its track, which shows on its face that such person was a trespasser, and which alleges no act of negligence on the part of the servant or

[Blackmon v. Central of Georgia Railway Co.]

agents in charge of the train after discovery of the peril of the person on the track, is demurrable.

3. *Negligence; Wantonness or Willfulness; Pleading.*—Where a count charges wantonness and willfulness in general terms, and then sets up the facts on which such charge is based, the facts set up must of themselves show wantonness and willfulness.

4. *Witnesses; Impeachment; Own Witness.*—A party cannot impeach his own witness.

5. *Evidence; Opinion; Conclusion From Facts Stated.*—Where the action was for the negligence of the engineer, although he should be required as a witness to state what he did to avoid the injury, yet there was no error in permitting him to be asked if he did all he could, before stating the facts as to what he did to stop the train, if, before he left the witness stand, he stated all the facts as to what he did.

(de Graffenried, J., dissents.)

APPEAL from Dale Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by James H. Blackmon as administrator against the Central of Georgia Railway Company, for the death of his intestate caused by a train striking him while walking along the track of defendant. Judgment for defendant and plaintiff appeals. Affirmed.

H. L. MARTIN, for appellant. The complaint was not subject to the demurrers interposed.—93 Ala. 26; 113 Ala. 640; 117 Ala. 371; 123 Ala. 244; 125 Ala. 202; 153 Ala. 134. Evidence as to the conditions surrounding the point of the injury, and of the knowledge of the trainmen of these conditions was admissible.—105 Ala. 170; 103 Ala. 171; 136 Ala. 596; 153 Ala. 168. A witness should never be allowed to state his opinion and conclusions, but should state the facts, and let the jury draw the conclusion. The facts testified to by the engineer on the previous trial should have been admitted as contradicting his present testimony.

G. L. COMER, for appellant. This case should be affirmed on the authority of *C. of Ga. Ry. v. Blackmon,* 169 Ala. 304, as the facts are the same in the two cases.

DE GRAFFENRIED, J.—This is the second time this case has been before this court. On the first appeal it was held that, under the facts set out in the bill of exceptions, the defendant, the Central of Georgia Railway Company, was entitled to the general affirmative charge in its favor. It may be said, in a general way, that the plaintiff's intestate, while walking along the defendant's roadbed in the direction of Ozark, was struck by a locomotive of the defendant coming from Ozark and sustained injuries from which he died. It may also be said, in a general way, that, on former appeal, this court held that under the pleadings and the facts the plaintiff could not recover except upon the theory of subsequent negligence on the part of the defendant, and that all the facts showed that the plaintiff was not entitled to recover upon that theory. This court, therefore, held that, under all the evidence, the defendant was entitled to the general affirmative charge in its favor.—*Central of Georgia Railway Co. v. Blackmon,* 169 Ala. 304, 53 South. 805.

2. Since the opinion on the former appeal in this case was rendered (see *Central of Georgia Railway Co. v. Blackmon, supra*), this court has, in the case of *Southern Railway Co. v. Stewart,* 179 Ala. 304, 60 South. 927, given expression to the following language: "With respect to the admissibility of evidence showing a custom on the part of the public, or of persons living in the neighborhood, to use the railroad way for longitudinal passage for their own convenience, without objection from the company, our decisions are manifestly not in harmony. The rule that such evidence is not admissible was declared without qualifications in *M. & C. R. R. Co.,* 94 Ala. 581, 10 South. 215. The general rule thus declared has been qualified by later cases, and the settled rule now is that such evidence is admissible,

'in connection with other evidence, to show wanton negligence or willful injury on the part of the engineer or person in control of the train while passing such point.' "—*Birmingham Southern Ry. v. Fox*, 167 Ala. 281, 52 South. 889, and authorities cited in *Southern Railway Co. v. Stewart, supra.*

In the instant case, count 3 of the complaint was subject to the demurrer which the defendant interposed to it.—*Southern Railway Co. v. Hyde*, 183 Ala. 346, 61 South. 77. When a count charges wantonness and willfulness in general terms, and then sets up the facts upon which the charge of wantonness and willfulness is predicated, the facts set up must, in themselves, show wantonness and willfulness. The facts set up in count 3, in themselves, do not sustain the charges of wantonness and willfulness set up in the count.—*B. R. L. & P. Co. v. Jaffe*, 154 Ala. 548, 45 South. 469. The plaintiff, however, under count 4 of the complaint, properly stated a cause of action for wantonness and willfulness, and he suffered no injury by reason of the disappearance of count 3 from his complaint. Count 4 simply cured the defects of count 3.

3. Count 5 is a count for simple negligence. It shows on its face that the party injured was a trespasser, and it alleges no act of negligence on the part of the defendant's servants or agents after the discovery of the injured party's peril. It was therefore subject to the defendant's demurrer.—*Southern Ry. Co. v. Stewart*, 153 Ala. 133, 45 South. 51.

4. In this case the plaintiff introduced, as witnesses in his own behalf, the engineer and the fireman who were in charge of the locomotive at the time of the injury complained of. During their examination the plaintiff offered to impeach them by showing that their testimony was different, in some ways, from their testi-

mony on the previous trial. This, under well-settled principles of law, the plaintiff had no right to do. The trial court committed no error in refusing to allow the plaintiff to impeach his own witnesses.—*Southern Bell Telephone & Telegraph Co. v. Mayo,* 134 Ala. 641, 33 South. 16.

5. The engineer, while on the stand, in reply to questions propounded, to him on cross-examination, said that, when his attention was first called to the presence of the plaintiff's intestate on the track, he put on the air brakes, and then, against the objection of the defendant, was permitted to say, in answer to a question of the defendant, that he did everything possible to stop the locomotive. Later, on examination by the plaintiff, the engineer stated what he did to stop the engine.

In the case of *Birmingham Railway, Light & Power Co. v. Randle,* 149 Ala. 539, 43 South. 355, this court said: "Motorman Duffey was asked this question: 'Tell the jury whether or not you stopped the car as soon as you could?' The court sustained an objection by the plaintiff to this question. The witness should have been required to state the facts as to what he did in order to stop the car. * * * It would have then been proper to have further inquired of him as to whether what he did was all that could have been done to stop the car as soon as possible."

In the instant case the witness, before being allowed to state that he did all that he could, upon the discovery of the injured party's peril, to stop the train as soon as possible, was not required to state all the facts as to what he did in order to stop the train, but before he left the witness stand he did state all the facts as to what he did to stop the train. In other words, in the instant case, when this witness left the stand, the jury

not only had his opinion that he, when he discovered the injured party's peril, did all that he could to stop the train as quickly as possible, but they also had all the facts upon which he based that opinion. The trial court, therefore, cannot be put in error because of the admission of this testimony.—*Birmingham Railway Light & Power Co. v. Randle, supra.*

6. Count 1 was a count for simple negligence after the discovery of the peril of the plaintiff's intestate. If the plaintiff's evidence is to be believed, then, after the discovery of said peril, the defendant's servants were guilty of no act of negligence, and as to that count the plaintiff's evidence showed that he was not entitled to recover.

Chief justice ANDERSON and Justices MCCLELLAN, MAYFIELD, SAYRE, SOMERVILLE, and GARDNER are of the opinion, upon a consideration of all the evidence presented by the record, that the evidence in this case was not sufficient to submit to the jury, under the rules laid down in *Southern Railway Co. v. Stewart, supra,* the question as to whether, on the named occasion, the servants of the defendant were guilty of that reckless indifference to human life and safety as to amount to wantonness. They are of the opinion that the record fails to show such a use of the track of the defendant, by pedestrians, at or near the place of the injury, as to render the servants of the defendant guilty of wantonness in running the train without signals and at the rate of speed at which the train was run, as shown by the testimony, at the time when, and the place where, the plaintiff's intestate received his injuries.

The writer of this opinion does not concur in this view of the majority. He thinks that under the decision of this court in *Southern Railway Co. v. Stewart, supra,* there was some evidence in this case upon which

[Harbison-Walker Refractories Company v. Scott.]

the jury had the right to find that, on the named occasion, the servants of the defendant, in the operation of the train, were guilty of wantonness. He deems it unnecessary, however, to express his reasons for thus differing from the other members of the court, as his reasons would simply involve a discussion of the facts and would result in no benefit to any of the parties to this cause, or to the public.

This case has received the careful consideration of all of the members of this court; and, the above being the conclusions of the court, it follows that the judgment. of the court below must be affirmed.

Affirmed. All the Justices concur, except DE GRAFFENRIED, J., who dissents.