(78 South. 221)

## LOUISVILLE & N. R. CO. v. FARLEY.
### (6 Div. 479.)

(Supreme Court of Alabama. Dec. 20, 1917. On Rehearing, March 23, 1918.)

1. RAILROADS ⟷369(3), 377—OPERATION OF TRAIN—DUTY OF TRAINMEN TO TRESPASSERS.

An engineer owes no duty to keep a look out for trespassers upon the right of way, and, after discovering trespasser on track, had the right to presume she heard the train's warning signals, and would get off until it became apparent she was not conscious of approach of the train when it became his duty to stop the train.

2. RAILROADS ⟷377—OPERATION OF TRAINS —CARE REQUIRED—DUTY TO TRESPASSERS.

Where trespasser killed by railroad train was walking with a companion, who looked back and must have seen the train approaching, the engineer had the right to assume that such companion informed intestate of the approach of the train, until the intestate's want of knowledge was exhibited by her continuing upon the track.

3. RAILROADS ⟷376(2) — OPERATION OF TRAIN—DUTY OF TRAINMEN TO TRESPASSERS —EVIDENCE.

Where the evidence shows that intestate was a trespasser upon the track of defendant railroad company; that the train causing her death gave proper warning signals; that when it became apparent that she had not been informed by her companion who left the track that she did not know of the train's approach, the engineer did what he could to stop the train —the company was not liable.

McClellan, Somerville, and Gardner, JJ., dissenting.

Appeal from Circuit Court, Cullman County; R. C. Brickell, Judge.

Action by S. F. Farley, as administrator, against the Louisville & Nashville Railroad Company, for damages for the death of plaintiff's intestate. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Geo. H. Parker, of Cullman, and Eyster & Eyster, of Albany, for appellant. Callahan & Harris, of Decatur, for appellee.

ANDERSON, C. J. [1, 2] The plaintiff's intestate was walking on the defendant's track, when struck by one of its trains, at a place which was neither a public crossing, nor in a city, town, or village. She was an adult, and was at a point on the track where she could have stepped off without danger or hindrance. In other words, she could have

easily extricated herself from all danger from the approaching train, and there was nothing in her appearance or the surrounding conditions to impress the engineer with the idea that she was in peril, unless it be that she was unaware of the approach of the train. Under these conditions the engineer owed her no duty to keep a lookout, and, even after discovering her, had the right to presume that she heard the train and would get off before it reached her, as repeated warnings and signals were being given, and he had the right to indulge this presumption until it became apparent to him that said intestate was not conscious of the approach of the train. Ex vi termini, the duty of the engineer to proceed to stop the train, under the aforesaid circumstances, did not date from the discovery of the intestate upon the track but from the moment he became aware that she was ignorant of the approaching train. L. & N. R. R. Co. v. Black, 89 Ala. 313, 8 South. 246; Central of Ga. Ry. Co. v. Blackmon, 169 Ala. 304, 53 South. 805; Bush's Case, 122 Ala. 470, 26 South. 168. The Black Case, supra, has been several times explained, and perhaps qualified so as to extend the protection to trepassers from subsequent negligence as well as wantonness or willfulness, but its soundness in the enunciation of the foregoing rule has not been questioned. As to just when the engineer becomes aware of this fact must be determined from the attendant circumstances and is sometimes a question for the jury and may at other times be a question for the court. In the case at bar, the proof shows that the engineer was not chargeable with knowledge of the intestate's being unaware of the approach of the train until it was too late to stop same. In fact, all was done to do so after the engineer could have become aware of the fact that the intestate was unconscious of danger. The undisputed evidence shows that the intestate's traveling companion looked back, and therefore must have seen the train, and whether the intestate then looked back or not, or was or was not aware of the approach of the train, matters not, as the engineer had the right to assume that her companion would notify her, and he had a right to rely upon this assumption until her want of knowledge was exhibited by continuing upon the track—he had a right to act upon appearances whether the intestate's companion did or did not inform her that the train was approaching.

[3] The proof not only shows that the train could not have been stopped between the time the engineer became aware of the intestate's ignorance, but that he attempted to do so, perhaps sooner than the law required him to act. The proof shows that the steam was cut off, and the brake applied 100 yards above the crossing, and that the intestate was hit from 250 to 300 feet below the crossing, being a total of not exceeding 600 feet, and that the least distance within which this particular train could have been stopped was 800 feet. To hold that the defendant is not entitled to the general charge will, in effect, make it a question for the jury to find that a defendant railroad is liable as for subsequent negligence, if the engineer fails to stop his train if a pedestrian walking upon its track fails to get off immediately after the first blast of the whistle regardless of how far he may be ahead of the train. Human life is, of course, of much more importance than loss of time or inconvenience to railroads, but to require them to stop their trains every time a trespasser upon the track is discovered, simply because he may not jump off immediately after the whistle is first blown, will not only overthrow the existing legal presumption that the trespasser will see or hear the train before it reaches him, but will subordinate the right of railroads to the use of their tracks to that of trespassing pedestrians.

The general charge should have been given for the defendant.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SAYRE, and THOMAS, JJ., concur. McCLELLAN, SOMERVILLE, and GARDNER JJ., dissent.

### On Rehearing.

ANDERSON, C. J. It is suggested that the court is in error, in the holding that the engine, under the undisputed evidence, was 100 feet above the crossing when the steam was shut off and the brake applied. It may be that this statement in the opinion is inaccurate, and that there is some evidence showing that the train was closer than this to the deceased when this was done, yet this was done as soon as the companion of the deceased left the track and the engineer had a reason to suppose that the deceased had not been informed by her said companion of the approach of the train, and was not going to leave the track, and the shortening of the space simply makes the case stronger for the defendant as to the impossibility of stopping the train before striking the deceased, and after discovering that she was unaware of the approach of the train.