(122 So. 402)

## NORTHERN ALABAMA RY. CO. v. ELLIOTT. (6 Div. 229.)

Supreme Court of Alabama. March 28, 1929.

Rehearing Denied May 30, 1929.

Bankhead & Bankhead, of Jasper, for appellant.

424

J. B. Powell, of Jasper, for appellee.

SAYRE, J. Plaintiff appellee had judgment in the trial court on allegation that defendant company, acting by and through its servants and employees, had negligently, as alleged in some counts, or wantonly, as alleged in others, caused the death of her intestate. There is probably more than one reversible error shown by the record; but the entire merits of plaintiff's case are so evidently and conclusively involved in those assignments of error, based on the refusal of the general affirmative charges requested by defendant against the several counts of the complaint, that they have been considered in the first place, with result that the rest are no longer of any consequence.

Plaintiff's contention is that her intestate was killed by a passenger train which passed the place where his body was found about 7 o'clock in the evening of March 11, 1927. Intestate's mangled remains were found on the track next morning. Other trains had passed during the night, and defendant's employees in charge of the passenger train aforesaid denied any knowledge of the occurrence; but plaintiff produced a witness who testified to facts which may have authorized an inference in agreement with plaintiff's contention in that particular; and we therefore concede the fact to be that intestate was killed by the train in question, and that the witness to whom we have referred, and who was the sole witness to the circumstances immediately or approximately surrounding intestate at the moment of his death, spoke the truth, the whole truth, and nothing but the truth.

Plaintiff appellee thus states what he conceives to be the only serious propositions involved by this appeal:

"First, was the railroad track in such continuous use as a passway by pedestrians that some one was likely to be in a position of danger on the track?

"Second, did defendant's engineer or trainman see the deceased on the railroad track and in a position of peril and fail to exercise all the preventive means at hand to conserve his safety?"

We consider these propositions in the inverse order of their statement by appellee.

As we have stated, in effect, there was but one witness who claimed to know anything of the circumstances in which deceased lost his life. This witness testified that he came upon defendant's track from a path or trail

through the woods very near the place where the body of deceased was found next morning. Looking to the north, he saw deceased, about 60 yards away, walking along the track southwardly to the point where witness was, "the light shining on him." Looking to the south, he saw defendant's train approaching at a distance of 100 to 150 yards. All the evidence goes to show that the engine's headlight was burning. Witness stepped off the track, waited until the train passed, then stepped back upon the track and pursued his way to the south. .He saw no more of deceased, whose body next morning was found near the path.

■ At that place deceased was a trespasser on defendant's track. At that place defendant's employees in charge of the train owed deceased no duty to keep a lookout for him; they owed him the duty only to avoid injuring him, if they could do so, after discovering his peril and becoming aware that he might not be able or willing to extricate himself therefrom. Central of Georgia v. Blackmon, 169 Ala. 304, 53 So. 805, Southern Ry. v. Bush, 122 Ala. 470, 26 So. 168, and cases there cited.

■■ It will be conceded that there was evidence from which it may have been inferred that defendant's engineer saw deceased, for plaintiff's witness—the sole witness of whom we have spoken—testified that "in his best judgment" the engineer was looking up the track. But that cannot be held to imply negligence in the circumstances stated. The complaint in several counts charged subsequent negligence; that is, negligence on the part of the engineer subsequent to his discovery of deceased upon the track, as, under the decisions of this court, it was necessary that it should allege (or prove under simple negligence counts, if the pleader had adopted that method of stating his case), since without dispute deceased was a trespasser. Defendant, along with the general issue, pleaded concurrent contributory negligence on the part of deceased (plea 8), in that he negligently remained on the track in front of an approaching train. The plea, however, is of no importance in the circumstances of the case, for the evidence that went to prove it served also to relieve defendant of the imputation of negligence, this because, under the undisputed facts, the engineer had the right to assume that intestate was aware of the approach of the train and would take himself out of danger; there being nothing to show disability on the part of deceased, an able-bodied man, nor any difficulty in the surroundings to prevent his doing so. This sufficiently refuted the allegation of negligence. Our judgment to that effect is clearly supported by the decision in Central of Georgia v. Blackmon, supra, which has been followed in subsequent cases.

The complaint charged wantonness, and plaintiff produced some testimony to show that at certain hours of the day a considerable number of people passed the place where the body of deceased was found, and, it may be conceded, some of it tended to show the frequent use of the track by pedestrians about that hour of the day when, customarily, the train in question passed; but the great weight of the evidence on this point was to the effect that at that hour pedestrians were very infrequent. However, in our view of the case, this disputed issue was of no consequence. The purpose of evidence in a case of this sort, showing the frequent use of a railroad track by trespassing pedestrians, is to charge trainmen with notice that some one may be in a place of danger. On the facts here conceded, that character of implied knowledge was of no consequence, for the reason that, according to the testimony of plaintiff's sole witness on the spot, the engineer saw deceased on the track, but, as shown by the decisions heretofore referred to, saw him under such conditions as excluded the reasonable possibility of a finding of actionable negligence. The same conditions exclude a finding of wantonness which implies a willingness to do injury or at least an indifference to consequences in a situation of known danger. If defendant's engineer had the right, in the situation shown by the testimony of plaintiff's sole witness, to proceed upon the assumption that plaintiff's intestate would take himself out of danger, as he did according to reason and the cases referred to, then that same surrounding must suffice to acquit him of wanton conduct. No witness could testify to the engineer's state of mind. That was to be inferred, if at all, from the external observable facts to which the witnesses deposed. But, as we have seen, defendant's engineer, so far as facts of that sort are concerned, might proceed on the assumption that plaintiff's intestate would take himself out of danger. He could not, therefore, be convicted of simple negligence or wantonness. Defendant was entitled to the general charge.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.