(130 So. 775)

## ELLIOTT v. NORTHERN ALABAMA RY. CO.

### 6 Div. 630.

Supreme Court of Alabama.

Oct. 16, 1930.

Rehearing Denied Nov. 28, 1930.

James J. Ray and J. B. Powell, both of Jasper, for appellant.

Bankhead & Bankhead, of Jasper, for appellee.

**SAYRE, J.**

At 6 o'clock of the morning of March 12, 1927, the body of plaintiff's intestate was found on the track of defendant's railroad, decapitated and mangled in a manner which indicated that, if intestate had been alive upon the track, a train of defendant's had caused his death and that some hours before his body was discovered. After hearing the evidence adduced by plaintiff, the trial court gave the general affirmative charge for defendant. Hence this appeal.

In order that there may be no misapprehension of the two opinions, we note that on the former appeal in this case (219 Ala. 423, 122 So. 402) the bill of exceptions showed the testimony of a single witness, Beavers, who testified that he was in the close neighborhood of deceased, who was on defendant's track walking toward the train which is supposed to have caused his death. That was about 7 o'clock in the evening of March 11th and the engine's headlight was burning. On the last trial, now under review, Beavers did not testify, none of his testimony on the first trial reproduced. Appellant's case at this time depends exclusively upon one fact in evidence, viz., that decedent's body was found upon the track of defendant's railroad in a condition which indicated that a train had run over it, and upon the tendency of some evidence introduced by plaintiff going to show as plaintiff contends, that defendant's train was moving with more than customary speed at the time and place of decedent's death and that many pedestrians generally walked along the track at that place.

As for the last member of plaintiff's thesis, it was conceded, though very doubtfully, that there was evidence tending to show that, to use the language of the decisions, there had been such long-continued use of defendant's track by a large number of people, of such notoriety as in reason to charge the company with knowledge, and put upon it the duty to maintain a lookout where otherwise there would be no such duty. Atlantic Coast Line v. Carter, 214 Ala. 252, 107 So. 218. This results from the rule that as against a trespasser, or a bare licensee, a railroad company has a right to run its trains in the usual way, without special precautions, unless the circumstances of themselves give warning of his probable presence, and he is not seen until it is too late to prevent injury. Chenery v. Fitchburg Railroad, 160 Mass. 213, 35 N. E. 554, 22 L. R. A. 575. And this last-stated rule applies in the case presented by the record, if it be assumed that defendant's train killed plaintiff's decedent, for, without dispute, decedent's body was found about midway between two crossings about one-half a mile apart and so at a point where no one had a right to be except for the purpose of crossing the track. Glass v. Memphis & Charleston Railroad, 94 Ala. 581, 10 So. 215.

But, at the trial now under review, there was not a syllable of evidence tending to show the circumstances of the presence of deceased upon the track. A verdict for plaintiff could have been justified on one hypothesis only, namely, that defendant's engineer became aware, not only of the presence of deceased upon the track, but that the circumstances of his presence reasonably indicated peril, and thereafter failed to take such precautions for his safety as due care would have suggested. As to the circumstances immediately attendant upon the

death of deceased the record is silent. The failure or refusal of defendant to put its trainmen on the stand as witnesses in its behalf could not be considered by the jury for the purpose of making out a case against defendant. Southern Railway v. Stewart, 153 Ala. 137, 45 So. 51. There being no evidence going to show how deceased, or his body, came to be upon defendant's track, the jury were properly instructed to find with the defendant. Or, if it be assumed that deceased was alive upon the track, still there was no evidence going to show how or when he same upon the track or that he came upon it in circumstances which sufficed to warn defendant's engineer of his danger in time to have avoided its consequences. Carlisle v. Alabama Great Southern, 166 Ala. 591, 52 So. 341. The instinct of self-preservation, which it may be supposed deceased had in common with humans generally, cannot be allowed to take the place of evidence that defendant was guilty of negligence. There must in cases of this character be proof that defendant's negligence caused the injury complained of, "and the presumption that no one will contribute to his own injury cannot take the place of such evidence." Bromley v. Birmingham Mineral, 95 Ala. 405, 11 So. 341, 344. The burden rested upon the plaintiff to show that at the time of the intestate's death —conceding for the argument that the jury might have properly found that the death of deceased was caused by defendant's train— deceased was so circumstanced to the knowledge of defendant as that defendant could, by the exercise of due diligence, have prevented the injury. Cardwell v. Louisville & Nashville, 185 Ala. 628, 64 So. 564; Louisville & Nashville v. Moran, 190 Ala. 117, 121, 66 So. 799. The judgment here is that, on any reasonable interpretation of the evidence, plaintiff, appellant, failed to sustain the burden of proof put upon her by the law and that the trial court correctly instructed the jury, with hypothesis, to find for defendant.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.