**HINES, Director General of Railroads, v. ANGLE.**

(Circuit Court of Appeals, Fifth Circuit. March 30, 1920.)

No. 3459.

**Death ⊙=38—State statute held not a limitation.**

In Code Ala. 1907, § 2485, giving the father or mother of a minor child a right of action for its death, the provision that, if neither sue within six months, action may be brought by the personal representative, *held* not a limitation to six months of the right of action of father or mother.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Action by A. C. Angle against Walker D. Hines, as Director General of Railroads, operating the Louisville & Nashville Railroad. Judgment for plaintiff, and defendant brings error. Affirmed.

John S. Stone and T. A. McFarland, both of Birmingham, Ala., for plaintiff in error.

Frank S. White, Frank S. White, Jr., and G. R. Harsh, all of Birmingham, Ala., for defendant in error.

Before WALKER, Circuit Judge, and CALL and HUTCHESON, District Judges.

CALL, District Judge. In this case the defendant in error brought suit to recover damages for the accidental death of his nine year old

son, Lamar Angle. The trial resulted in a verdict in his favor for $8,000.

The issues raised by the assignments in this case are determined adversely to the plaintiff in error by our decision in the companion case at this term of Walker D. Hines, as Director General of Railroads, operating the Louisville & Nashville Railroad, v. A. C. Angle, as Administrator of the Estate of A. D. Darby, 264 Fed. 497, —— C. C. A. ——, except the jurisdictional point that the action was brought under section 2485 of the Code of Alabama of 1907, and, the accident occurring on February 21, 1918, and suit brought on August 21, 1918, it had not been brought within six months, and the father had for that reason lost his right to sue as father. In other words, the failure of the father to sue as father within six months concludes his right to bring suit.

The section referred to vests in the father or mother the right to bring suit in case of the death of a minor child in cases mentioned in the statute. The only limitation to this right is that one suit shall bar all others. If the father and mother are dead, or if either fail to sue within six months from the death of the minor, then the personal representative may sue. This provision is not a limitation on the right of the father or mother, and cannot have that effect under a proper construction of the statute.

In addition to this the action was brought on August 21st, six months after the death of the minor, excluding the day of death and including the day action was commenced.

The first assignment, that the court erred in overruling the motion for a new trial, cannot be considered by this court. The trial judge had the facts before him in the consideration of said motion. He exercised his discretion and denied same. This action cannot be reviewed. Clyde Mattox v. U. S., 146 U. S. 147, 13 Sup. Ct. 50, 36 L. Ed. 917.

Finding no reversible error in the record, the judgment is affirmed.